## STATE v. ELMER CARL HULTGREN.

204 N. W. 2d 197.

February 2, 1973—No. 42527.

*C. Paul Jones*, State Public Defender, and *G. Thomas MacIntosh II* and *Richard B. Allyn*, Assistant State Public Defenders, for appellant.

*Warren Spannaus*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David G. Roston*, Assistant County Attorneys, for respondent.

PER CURIAM.

This is an appeal from a conviction for performing an abortion in violation of Minn. St. 617.18. On the authority of Roe v. Wade, 410 U. S. 113, 93 S. Ct. 705, 35 L. ed. 2d 147 (1973), and Doe v. Bolton, 410 U. S. 179, 93 S. Ct. 739, 35 L. ed. 2d 201 (1973), and for reasons more fully set forth in State v. Hodgson, 295 Minn. 294, 204 N. W. 2d 199 (1973), we reverse.

Defendant is not a licensed physician. The abortion in the instant case was performed on August 23, 1969, by defendant on an unmarried college student during the first trimester of her pregnancy. The abortion took place in defendant's apartment after a brief consultation with the woman involved. She subsequently suffered a serious infection as a result of the abortion and required intensive treatment at the University of Minnesota Hospitals.

Defendant was tried by a jury and convicted. He had three prior convictions for the same offense. On December 15, 1969, he was sentenced to prison for a term not to exceed 4 years, of which he served nearly 3 years.

Although in the trial court defendant did not challenge the constitutionality of Minn. St. 617.18, that issue was raised on his appeal. It was argued at the same time the appeal in State v. Hodgson, *supra,* was heard.

We pointed out in the Hodgson case that in affirming the district court's decision the United States Supreme Court in Roe v. Wade, *supra,* held the Texas criminal abortion statutes void on their face. We noted that the Court there said: "Our conclusion that Art. 1196 is unconstitutional means, of course, that the Texas abortion statutes, as a unit, must fall." 410 U. S. 166, 93 S. Ct. 733, 35 L. ed. 2d 184. In the light of that holding, we are obliged to find the Minnesota abortion statute, § 617.18, which is similar to the Texas statute, invalid in its entirety. However, we observe that, unlike the constitutional restraints imposed on the legislature in dealing with abortions performed during the first trimester by a licensed physician, a statute for-

bidding unlicensed laymen from such activity is not only proper but desirable.

In Roe the Supreme Court said: "The State has a legitimate interest in seeing to it that abortion, like any other medical procedure, is performed under circumstances that insure maximum safety for the patient. * * * The prevalence of high mortality rates at illegal 'abortion mills' strengthens, rather than weakens, the State's interest in regulating the conditions under which abortions are performed." 410 U. S. 150, 93 S. Ct. 725, 35 L. ed. 2d 175. The court was explicit in holding that the state is free to define the term "physician" to mean only a person licensed by the state and to proscribe any abortion by one who is not a physician.

Since § 617.18 makes no distinction between abortions performed by physicians and those performed by laymen, as presently drafted it is unenforceable against this defendant under the clear direction of the Supreme Court decisions which we are bound to follow.

For the reasons here stated and set forth in State v. Hodgson, *supra,* the conviction of defendant is reversed.

Reversed.