305 So.2d 378

**STATE of Alabama**

v.

**Faye WILKERSON.**

**3 Div. 279.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

Frank W. Riggs, Montgomery, for appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

A grand jury returned an indictment against appellee that charged that she "did wilfully and unlawfully administer to . . . , a pregnant woman, a drug or substance, or employed an instrument or other means to induce an abortion or miscarriage or premature delivery of a child when the same was not necessary to preserve her life . . ." The statutory law involved is Title 14, Section 9, Code of Alabama 1940, Recomp.1958, which provides as follows:

"Any person who willfully administers to any pregnant woman any drug or substance, or uses or employs any instrument or other means to induce an abortion, miscarriage, or premature delivery, or aids, abets, or prescribes for the same unless the same is necessary to preserve her life or health and done for that purpose, shall on conviction be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1000.-

00), and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than twelve (12) months. (1911, p. 548; 1951, p. 1630, appvd. Sept. 12, 1951.)"

Defendant-appellee filed a motion to dismiss the indictment, alleging therein that the indictment failed to charge an offense cognizable under law, and that the statute upon which the prosecution was based is unconstitutional in that it is "vague, indefinite and uncertain." The trial court rendered a judgment granting the motion to dismiss the indictment and stating that it was granted "on the grounds that the statute under which the defendant is charged, to-wit: Title 14, Sec. 9, Code of Alabama is unconstitutional and the same is hereby declared void and in violation of the Constitution of United States of America, and the State of Alabama." The judgment also shows that the State filed a motion to set aside the judgment and a motion for a new trial and that the same "is hereby overruled and denied." The State then gave notice of appeal, relying upon Title 15, Section 370, Code of Alabama 1940, Recomp.1958, which provides for an appeal on behalf of the State when an act of the Legislature upon which the indictment or information is preferred is held to be unconstitutional.

Appellee emphasizes Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), holding in declaratory judgment proceedings that provisions of the Texas abortion statute and the Georgia abortion statute respectively were unconstitutional.

In appellant's "STATEMENT OF THE FACTS" it is stated on information and belief that appellee "is not a medical doctor in any sense of the term." There is a strong protest by appellee against what is characterized as an attempt to bring before the court facts which are not a part of the record. There is no denial of the statement to the effect that appellee is not a

medical doctor in any sense of the term, but another statement of appellant under the same caption of "STATEMENT OF THE FACTS" is denied in appellee's brief. As indicated hereinafter, we think it appropriate to consider, and we do consider, the undenied statement to the effect that appellee is not a physician. We give no consideration whatever to the other statement—the statement that is denied.

Appellant takes the position that the constitutionality of a statute cannot be challenged by one who does not or cannot show that unconstitutional features of the statute adversely affect him. As to this, a general statement of the proposition, supported by a long list of authorities cited, is found in 16 C.J.S. Constitutional Law § 84 as follows:

"As a general rule, in criminal prosecution, accused has the right to assert the invalidity of the law, regulation, or rule under which he is being prosecuted, but he must show that his rights are adversely affected by the statute or ordinance, and, more particularly, that his rights are thus affected by the particular feature of the statute alleged to be in conflict with the constitution. It is not sufficient that the statute may impair the rights of others. An accused affected by one portion of a statute may not plead the invalidity of another portion of the same statute not applicable to his case, where the invalidity of the portion questioned will not render void the entire act or at least some provision that does affect him adversely; but, conversely, he may do so where the invalidity of the portion questioned would render the entire act, or some provision affecting him, void. . . ."

The lengthy opinions in Roe and Doe, supra, were greeted, and continue to be greeted, by lengthy commentaries. Almost any comment seems to lead to another and eventually many others. Any effort to encapsulate would be futile. A detailed and lengthy addition to all that has been writ-

ten and said with reference to the cases is unnecessary in this case. It is to be noted that in *Roe* and *Doe,* supra, the court was primarily, if not exclusively, concerned with constitutional rights relative to the matter of the procurement of an abortion by, or under the supervision of, legally recognized professionals in the field of medicine, particularly physicians. In neither case was there a claimed right of anyone to procure or induce an abortion by one who is no more than a layman as to the field or profession of medicine.

■ The precise question presented here has been judicially decided adversely to appellee, first in Cheaney v. State, Ind., 285 N.E.2d 265 (1972), followed by Cheaney v. Indiana, 410 U.S. 991, 93 S.Ct. 1516, 36 L. Ed.2d 189 (1973). In Cheaney v. State, the Supreme Court of Indiana upheld a conviction for the violation of the abortion statute of that state and held that one who is not a doctor lacks standing to claim that the statute is unconstitutional for vagueness. Certiorari was denied in Cheaney v. Indiana, supra.

We note that Judge Larner in State v. Haren, 124 N.J.Super. 475, 307 A.2d 644 (1973), traces the development of the law pertaining to *Roe* and *Doe,* supra, as reflected in the *Cheaney* decisions, supra, and has reached conclusions with which we are in accord in substance at least. To endeavor to rephrase or paraphrase the cited opinion would not be of value and would have some of the marks of apparent plagiarism. We quote therefrom as follows:

"Before entering into a discussion of the impact of the foregoing Supreme Court decisions on the New Jersey statute, it is important to note that all three defendants herein are laymen, having no right or license to practice medicine. Hence, the question presented to the court is whether the *Roe* and *Doe* decisions render our criminal abortion statute unconstitutional and no longer viable as applied to laymen indicted thereunder.

"The answer to this question has been furnished by the United States Supreme Court in subsequent litigation in Cheaney v. Indiana, 410 U.S. 991, 93 S.Ct. 1516, 36 L.Ed.2d 189 (1973). In that case the Supreme Court of Indiana had affirmed a conviction of the defendant under its criminal abortion statute, rejecting the contention that the statute was unconstitutional because it deprived a woman of her right of privacy, denied equal protection to the poor, and was unconstitutionally vague because of the exception 'unless such miscarriage is necessary to preserve her life.' Cheaney v. State, 285 N.E.2d 265 (Ind.Sup.Ct.1972). This decision was rendered prior to the determination of *Roe* and *Doe.*

"The defendant then applied for *certiorari* to the United States Supreme Court, which petition came up for consideration after the decisions in *Roe* and *Doe.* The state's brief in opposition to the petition raised the question of the applicability of *Roe* and *Doe* because of lack of standing of petitioner as a non-physician. As a consequence the court had presented to it on the petition for *certiorari* the issue whether *Roe* was intended to nullify the effect of a state criminal abortion statute at the behest of a person who was neither a physician nor a pregnant woman. Although petitioner was a convicted defendant in a prosecution under an abortion statute similar to that which existed in Texas (and similar to that in New Jersey), the majority of the Supreme Court denied *certiorari* in a cryptic opinion reading:

"Cheaney v. Indiana, 410 U.S. 991, 93 S.Ct. 1516, 36 L.Ed.2d 189

"Petition for writ of certiorari to the Supreme Court of Indiana denied for want of standing of petitioner. Doremus v. Board of Education of Borough of Hawthorne, et al., 342 U.S. 429, 72 S.Ct. 394, 96 L.Ed. 475."

"Justice Douglas concurred in the denial of *certiorari* on broader grounds by noting:

"Mr. Justice Douglas would deny *certiorari* on the ground that petitioner, who was convicted of performing an abortion, is not a doctor and that the decisions of this Court in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 were confined to the condition: *inter alia,* that the abortion, if performed, be based on an appropriately safeguarded medical judgment.

"Whether we accept the rationale of the majority or that of Justice Douglas, it is manifest that the Supreme Court never intended that *Roe* be applied so as to compel the voiding of a criminal abortion statute or the termination of criminal proceedings thereunder where the moving party is not a licensed physician. See the following cases decided before *Cheaney:* May v. State, 254 Ark. 194, 492 S.W.2d 888 (1973); cf. State v. Hultgren, 295 Minn. 299, 204 N.W.2d 197 (1973); People v. Frey, 54 Ill.2d 28, 294 N.E.2d 257 (1973).

"Based upon the foregoing treatment of the *Cheaney* application for *certiorari* by the United States Supreme Court, this court must reach the conclusion that defendants do not have the standing to attack the constitutionality of the New Jersey criminal abortion statute, nor, as a corollary, the prosecution thereunder. The decision in *Roe* does not constitute a sweeping annihilation of every criminal abortion statute which fails to qualify under the regulation standards set forth in that opinion, without regard to the position of the individual involved in the violation of that statute.

"The contention of defendants that the statute must fall as a total unit because it does not make a distinction between laymen and physicians is therefore untenable. The statute is and can still remain as a viable basis for a criminal charge where it is sought to be applied to the acts of a layman unsupervised by a physician. Under such circumstances the acts are 'without lawful justification.'

"Defendants further attack the constitutionality of the statute on the ground of vagueness, contending that the statutory phrase 'without lawful justification' is ambiguous and overly broad, and therefore prevents one from knowing when an abortion would be justified. In State v. Moretti, 52 N.J. 182, 192, 244 A.2d 499, 505 (1968), our Supreme Court dealt with this very problem and held that 'a defendant whose conduct was such that he clearly could tell that it was prohibited will not be heard to say that the statute is overly broad and that another, in some hypothetical case, could be misled.' See Gleitman v. Cosgrove, 49 N.J. 22, 227 A.2d 689 (1967).

"As further observed by the United States Supreme Court in the context of a federal criminal statute

"In determining the sufficiency of the notice a statute must of necessity be examined in the light of the conduct with which a defendant is charged. [United States v. National Dairy Products Corp., 372 U.S. 29, 32, 83 S.Ct. 594, 598, 9 L.Ed.2d 561 (1963)].

"In the context of the foregoing criterion it is manifestly clear that any layman who commits or attempts to commit an abortion on a woman knows full well that his or her acts are not lawfully justified, whether pre-*Roe* or post-*Roe* law is applied."

The judgment appealed from is due to be reversed. The dismissal of the indictment, with the declaration that Title 14, Sec. 9, Code of Alabama is unconstitutional and void, is set aside and the cause remanded

for further proceedings in accordance herewith.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2, of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment is hereby

Reversed and remanded.

All the Judges concur.