175 So.2d 764

**T. P. WHITTEN et al.**

v.

**CITY OF ATMORE et al.**

**3 Div. 155.**

Supreme Court of Alabama.

May 27, 1965.

Windell C. Owens, Monroeville, and J. R. Tucker, Atmore, for appellants.

Brooks, Garrett & Thompson, Brewton, for appellees.

## PER CURIAM.

The complainants (appellants here) filed their original and amended bill of complaint in the Circuit Court of Escambia County, in Equity, against the City of Atmore, a municipal corporation, its Mayor and Councilmen, seeking an injunction per-, manently restraining and enjoining the respondents from entering into any lease or rental contract with the Public Housing Authority of the City of Atmore for lease or rental of City Hall facilities and from transferring any assets of the City of Atmore to said Authority. Also there was a prayer for other, further and different relief as in equity might seem just and proper.

One paragraph of the amended complaint alleges that the said Public Housing Authority "is now in the process of issuing bonds for the financing and construction of a new City Hall, Police and Fire Department buildings for the City of Atmore, Alabama with the anticipation that these revenue bonds will be paid through the rental of these new facilities to the City of Atmore."

Another paragraph of the amended complaint alleges that the facilities which the Authority plans to construct do not in fact now exist and that to allow the City of Atmore or its officials to bind the City of Atmore under any lease agreement for facilities that do not now exist is contrary to law and against public policy and would in fact obligate the City of Atmore to pay for rental space that does not exist.

The amended complaint in paragraph 6 avers that the current revenues of the City of Atmore are not sufficient to meet its current obligations and the City of Atmore could not, out of its current revenues, pay an amount sufficient to meet the principal and interest requirements to retire the cost of the proposed new facilities.

It is averred in paragraph 7 of the amended complaint that the creation of the Public Housing Authority of the City of Atmore, Alabama, and the "purposed lease between the corporation and the City of Atmore for a new City Hall and other building facilities is an attempt by subterfuge, to evade the constitutional provisions as to the debt limit of the City of Atmore. That said attempt to evade the constitutional debt limit by the City of Atmore will create a burden upon the taxpayers residing in the City of Atmore and is illegal in that the cost to the City of Atmore resulting from the construction and rental of said facilities will push the indebtedness of the City of Atmore beyond the constitutional debt limit."

Mayor H. H. Dees, for respondents, testified:

"Q. Now Mayor Dees, you've heard the various questions asked and discussions made with reference to the building of a city hall and new jail and new fire station in the city of Atmore, I'll ask you if any lease agreement has been yet been (sic) executed between the Building Authority and the City of Atmore or the Utilities Board of the City of Atmore?

"A. None has been consummated at this time.

"Q. To the best of your knowledge has any such instrument been drafted?

"A. It has not.

"Q. Have you even seen a rough copy of same?

"A. I have not.

"Q. Now you were given a subpoena duces tecum to present such document to this court were you not?

"A. That's right.

"Q. And you did not present such document?

"A. I did not.

"Q. And why did you not present such a document?

"A. There's no such document in existence."

Some of the other evidence points to the nonexistence of any lease agreement between the Authority and the City of Atmore. No copy of any such rental agreement or lease was attached to the bill as an exhibit. It appears that the rental agreement or lease was merely in the discussion stage, and nothing definite has received official approval or sanction of the council. There were no minutes of the City Council offered in evidence and our impression is no such minutes exist, or at least there was no evidence of such existence. We cannot tell from the evidence with any degree of certainty and satisfaction as to just what provisions the discussed lease will contain. A lease entered into by the City of Gadsden, Alabama, with the Public Building Authority of the City of Gadsden was introduced in evidence as a pattern to be considered, but there was no evidence what provisions would be included or eliminated. All the evidence is burdened with uncertainty and suppositions as to the provisions of the lease or rental agreement under consideration.

The Authority, at the time the complaint in this cause was filed, and at the time the evidence was taken on June 23, 1964, had not let a contract for the building. A bid had been received, but was rejected because it involved more than the Authority wanted to pay. Some architectural changes in the building had to be made in order to reduce the cost.

In the absence of a definite lease agreement, we are unwilling to hold that a debt beyond the constitutional debt limit of the City would or would not be created. Adjudication of a constitutional question should not be predicated on supposition or speculation as to the facts.

The trial court, after hearing the evidence ore tenus, held that the complainants were not entitled to the relief prayed for in the bill of complaint as amended. It thereupon ordered and decreed that the bill of complaint be dismissed.

We think the decree should be affirmed, and it is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.