[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 327 
The appellee, Tony Woodruff, was charged by affidavit and warrant in the District Court of Montgomery County with the misdemeanor offense of sexual misconduct prohibited by §13A-6-65, Code of Alabama (1975). More specifically, Woodruff was charged with the violation of § 13A-6-65 (a)(3), which Act provides as follows:
 "(a) A person commits the crime of sexual misconduct if:
. . .
 (3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by sections 13A-6-63 and 13A-6-64
[sodomy in the first and second degree]. Consent is no defense to a prosecution under this subdivision."
Deviate sexual intercourse is defined by § 13A-6-60 (2) as "any act of sexual gratification between persons not married to each other, involving the sex organs of one person and the mouth or anus of another."
After Woodruff was convicted and fined $1000 in the District Court, he appealed to the Montgomery County Circuit Court. The District Attorney filed a complaint, to which Woodruff pleaded not guilty with leave to file any special pleas or demurrer. Woodruff moved to dismiss the complaint on the allegation, among others, that § 13A-6-65 (a)(3) was unconstitutional because, on its face, it violates the right of privacy of consenting adults to engage in deviate sexual intercourse. The trial court granted Woodruff's motion to dismiss and dismissed the complaint. In so ruling, the court specifically found that § 13A-6-65 (a)(3), on its face, is "overinclusive and overbroad"[1] because of the statute's particular language disallowing consent as a defense to the charge. The State appeals from this order as it is entitled to by § 12-22-91, Code of Alabama (1975), which provides for an appeal on behalf of the State when an act of the legislature upon which the indictment is based is held to be unconstitutional.
In reviewing the propriety of the trial court's holding that the sexual misconduct statute is unconstitutional on its face, our threshold consideration is whether the trial court properly disregarded the following prudential rule of judicial self-restraint in allowing Woodruff to raise the question of the facial invalidity of the statute as applied to others:
 "[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional. . . ."
United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522,4 L.Ed.2d 524 (1960).
This court, as well as our Supreme Court, has previously recognized and applied *Page 328 
this traditional rule of standing. For example, in Bland v.State, 395 So.2d 164, 166 (Ala.Crim.App. 1981), we cited CountyCourt of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213,60 L.Ed.2d 777 (1979), for the following general proposition: "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights; as a general rule, if there is no constitutional defect in the application of a statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." In State v.Wilkerson, 54 Ala. App. 104, 305 So.2d 378, 380, cert. denied,293 Ala. 774, 305 So.2d 382 (1974), in finding that the appellant could not challenge the constitutionality of a statute because he could not show that the statute's unconstitutional feature adversely affected him, we cited the general rule, as follows:
 "`. . . in criminal prosecution, accused has the right to assert the invalidity of the law, regulation, or rule under which he is being prosecuted, but he must show that his rights are adversely affected by the statute or ordinance, and, more particularly, that his rights are thus affected by the particular feature of the statute alleged to be in conflict with the constitution. It is not sufficient that the statute may impair the rights of others. An accused affected by one portion of a statute may not plead the invalidity of another portion of the same statute not applicable to his case, where the invalidity of the portion questioned will not render void the entire act or at least some provision that does affect him adversely; but, conversely, he may do so where the invalidity of the portion questioned would render the entire act, or some provision affecting him, void. . . .'" (quoting 16 C.J.S. Constitutional Law § 84).
Appellate courts will not pass upon a constitutional question unless some specific right of the appellant is directly involved; the appellant must belong to that class affected by the statute's provisions. McCord v. Stephens, 295 Ala. 162,325 So.2d 155 (1975); Evans v. State, 338 So.2d 1033 (Ala.Crim.App. 1976), cert. denied, 348 So.2d 784 (Ala. 1977); Bozeman v.State, 7 Ala. App. 151, 61 So. 604, cert. denied, 183 Ala. 91,63 So. 201 (1913). Even under the circumstances where a constitutional attack on a statute may be presented to the trial court prior to trial and, consequently, without benefit of a trial record, adherence to the traditional concepts of standing is required. See, e.g., State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943); State v. Wilkerson, supra; People v.Allen, 657 P.2d 447 (Colo. 1983); State v. Raybon, 242 Ga. 858,252 S.E.2d 417 (1979); State v. Price, 237 N.W.2d 813 (Iowa 1976), appeal dismissed, 426 U.S. 916, 96 S.Ct. 2619,49 L.Ed.2d 370 (1976); People v. Jose L., 99 Misc.2d 922,417 N.Y.S.2d 655 (N.Y.Crim.Ct. 1979); Commonwealth v. Bonadio,490 Pa. 91, 415 A.2d 47 (1980); Commonwealth v. Hughes, 468 Pa. 502, 364 A.2d 306 (1976). Unless these usual rules of standing are not applicable to the situation at bar, they should have precluded the trial court from deciding the constitutionality of the sexual misconduct statute in a factual vacuum.
The use of facial analysis is appropriate in certain limited circumstances where "weighty countervailing policies" counteract the usual standing requirements. The following exceptions to the general rule were recognized in United Statesv. Raines, 362 U.S. at 22-23, 80 S.Ct. at 523-524:
 ". . . where, as a result of the very litigation in question, the constitutional rights of one not a party would be impaired, and where he has no effective way to preserve them himself, the Court may consider those rights as before it. N.A.A.C.P. v. Alabama, 357 U.S. 449, 459-460 [78 S.Ct. 1163, 1170-1171, 2 L.Ed.2d 1488 (1958)]. Barrows v. Jackson [346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586
(1953)], supra. This Court has indicated that where the application of these rules would itself have an inhibitory effect on freedom of speech, they may not be applied. See Smith v. California, 361 U.S. 147, 151 [80 S.Ct. 215, 217, 4 L.Ed.2d 205 (1959)]; Thornhill v. Alabama, *Page 329 310 U.S. 88, 97-98 [60 S.Ct. 736, 741-742, 84 L.Ed. 1093
(1940)]. Perhaps cases can be put where their application to a criminal statute would necessitate such a revision of its text as to create a situation in which the statute no longer gave an intelligible warning of the conduct it prohibited. See United States v. Reese, 92 U.S. [(2 Otto)] 214, 219-220 [23 L.Ed. 563 (1875)]; cf. Winters v. New York, 333 U.S. 507, 518-520 [68 S.Ct. 665, 671-672, 92 L.Ed. 840 (1948)]. And the rules' rationale may disappear where the statute in question has already been declared unconstitutional in the vast majority of its intended applications, and it can fairly be said that it was not intended to stand as valid, on the basis of fortuitous circumstances, only in a fraction of the cases it was originally designed to cover. See Butts v. Merchants Miners Transportation Co., 230 U.S. 126 [33 S.Ct. 964, 57 L.Ed. 1422 (1913)]. The same situation is presented when a state statute comes conclusively pronounced by a state court as having an otherwise valid provision or application inextricably tied up with an invalid one, see Dorchy v. Kansas, 264 U.S. 286, 290 [44 S.Ct. 323, 324, 68 L.Ed. 686 (1924)]; or possibly in that rarest of cases where this Court can justifiably think itself able confidently to discern that Congress would not have desired its litigation to stand at all unless it could validly stand in its every application. Cf. The TradeMark Cases, 100 U.S. [(10 Otto)] 82, 97-98 [25 L.Ed. 550 (1879)]; The Employers' Liability Cases, 207 U.S. 463, 501 [28 S.Ct. 141, 146, 52 L.Ed. 297
(1908)]." (Notes omitted.)
None of these exceptions applies to excuse Woodruff from showing that his rights were adversely affected by the feature of the sexual misconduct statute which he alleges to be in conflict with the constitutional right to privacy.
First, there is no showing that persons seeking to litigate the privacy issue as it relates to the application of this statute to private conduct between consenting adults would not be able to defend their alleged constitutional rights outside the confines of the present litigation. See State v. Goodrick,102 Idaho 811, 641 P.2d 998 (1982). We have no indication that a request for declaratory judgment by persons fearing prosecution for private, consensual acts would not be feasible. See United States v. Lemons, 697 F.2d 832 (8th Cir. 1983).
Second, the "chilling effect" exception, which has been traditionally called "overbreadth," has consistently been applied only to claims that a statute tends to "chill" the constitutional free speech or expression rights of others in violation of the first amendment; the United States Supreme Court has limited this exception to traditional free speech cases. United States v. Lemons, 697 F.2d at 835, and cases cited therein. We follow the precedent set forth in Lemons and conclude that this exception does not apply to Woodruff's privacy claim; Woodruff did not meet the threshold requirement of showing that the challenged statute tends to "chill" a first amendment interest.
Third, application of our traditional standing rules would not necessitate a revision of the statute and render inadequate its fair warning that certain sexual acts are prohibited.
Fourth, the constitutionality of § 13A-6-65 (a)(3) has not been decided in any application.
Finally, we have no indication that the Alabama lawmakers intended this statute to be struck down unless it could stand in all its applications.
Thus, the trial court inappropriately invoked the overbreadth doctrine and improperly held § 13A-6-65 (a)(3) invalid on its face, for Woodruff established none of the exceptions to theRaines doctrine. Unless the litigant falls within one of these exceptions, the statute is immune from a facial overbreadth attack; the overbreadth attack is obviated by adjudicating the question of constitutionality on an "as applied" basis. Statev. Langley, 265 N.W.2d 718, 722 (Iowa 1978). See, e.g., Statev. Goodrick, supra; State v. Worthington, *Page 330 582 S.W.2d 286 (Mo.App. 1979). In other words, one who challenges a statute as unconstitutionally overbroad must be directly affected by the statute's alleged overbroad aspects. People v.Allen, 657 P.2d at 452.
Therefore, the trial court should have confined itself to deciding the constitutionality of the statute only as it applied to Woodruff, rather than permitting Woodruff to assert alleged rights of non-litigants to whom the statute might be applied. In ruling on the facial constitutionality, the trial court disregarded the considerations underlying the Raines
doctrine, which are the desire to avoid unnecessary, premature, or unduly broad rulings on constitutional issues; the undesirability of the court's considering every situation in which a statute could be applied; and the possibility that a limiting construction could be placed on the law if the application of questionable constitutionality was concretely presented. United States v. Raines, 362 U.S. at 21-22,80 S.Ct. at 522-523.
Thus, our analysis focuses again to the general proposition that the question of a statute's validity can not be determined abstractly, but rather should be determined only as it applies and is to be enforced in the specific case before the court. Because Woodruff did not claim or argue that his right to privacy has been violated by the statute's application to him, he has not met his burden of demonstrating that the statute is unconstitutional as applied to him. The transcript is totally devoid of evidence indicating that Woodruff's right to privacy was violated; the trial court declared the statute unconstitutional after a brief oral argument and without benefit of any evidence. Moreover, the complaint, charging Woodruff in the general statutory language, offers no indication of the factual setting in which the violation occurred.
On this record, the trial court should have refrained from determining the statute's constitutionality; furthermore, we will not express any opinion as to whether the "penumbra" right to privacy, Griswold v. Connecticut, 381 U.S. 479,85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), should be extended to protect the freedom to indulge in sexual practices which have long been prohibited by our laws. "Where the question of the constitutionality of a statute is distinctly presented, and is necessary to the decision of the particular case, the courts do not hesitate to decide the question," Bray v. State, 140 Ala. 172,37 So. 250, 251-252 (1904), but resolution of a constitutional question should not be predicated on supposition or speculation of the facts. Whitten v. City of Atmore,278 Ala. 70, 175 So.2d 764, 766 (1965). We are bound by the principles espoused by the Supreme Court of Alabama in State v.Montgomery, 177 Ala. 212, 59 So. 294, 296 (1912):
 "It is the established rule of this court to decline to pass upon the constitutional validity of legislative enactments, unless the determination of the questions and rights then before it requires their decision. Smith v. Speed, 50 Ala. 276 [(1874) ]; Bray v. State, 140 Ala. 172, 179, 37 So. 250
[1904]; Hill v. Tarver, 130 Ala. 592, 30 So. 499
[1901]. . . . [T]his court will not decide any constitutional question respecting the validity of legislation, unless its decision thereupon is `indispensable' the determination of that litigation. Wisdom and a just respect for the Legislature suggest and approve these rules."
The adjudication of Woodruff's claim should not be determined in the bare outline of this record, for it does not negate the elements of majority, privacy, and consent which give rise to the right of privacy. State v. Worthington, supra. Evidence of any one of these distinctions would render Woodruff's assertions meritless[2]. *Page 331 
Because the question of the constitutionality of § 13A-6-65
(a)(3) comes before this court without the benefit of "concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions," Baker v. Carr,369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962), we decline to pass upon this "ill-defined controversy." See People v.Rice, 41 N.Y.2d 1018, 395 N.Y.S.2d 626, 363 N.E.2d 1371 (1977);Commonwealth v. Cook, 468 Pa. 249, 361 A.2d 274 (1976). Because Woodruff has not shown himself to be entitled to raise the question, this court will "leave the question of constitutional power to be passed upon when a case arises which cannot be otherwise disposed of, and which, consequently, renders a decision upon such question necessary." Speed v. Smith, 50 Ala. 276,283 (1874), quoting Cooley on Cons.Lim. 163. It is our duty to sustain legislative acts unless we are convinced beyond a reasonable doubt of their unconstitutionality. Ex parteMcCurley, 390 So.2d 25 (Ala. 1980). This case is infested with grave doubt concerning any unconstitutional application of §13A-6-65 (a)(3) to Woodruff; therefore, we leave this delicate constitutional issue [3] for the proper case.
Accordingly, the judgment appealed from is due to be reversed. The trial court's dismissal of the complaint is set aside, and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] We construe this language to indicate that the trial court held the statute facially invalid because the court found that, by its terms, the statute can embrace private sexual activity between consenting adults and, thus, be enforced in such a manner as to infringe on constitutionally protected rights. We do not find the court's reference to "overbreadth" to denote its usual application to activity protected by the first amendment. Therefore, as we will conclude, the mere use of this term should not have justified a conscious departure from conventional standing concepts.
[2] Statutes proscribing sexual misconduct have been constitutionally applied to the defendant where the defendant's conduct was with a minor, e.g., Hughes v. State,14 Md. App. 497, 287 A.2d 299, cert. denied, 409 U.S. 1025, 93 S.Ct. 469,34 L.Ed.2d 317 (1972); State v. Worthington, supra; Dinkens v.State, 92 Nev. 74, 546 P.2d 228 (1976); Jones v. State, 85 Nev. 411, 456 P.2d 429 (1969); where it was not in private, e.g.,United States v. Lemons, supra; Harris v. United States,315 A.2d 569 (D.C. 1974); State v. Langley, supra; People v. JoseL., supra; and where it was accomplished by force, e.g., Statev. Goodrick, supra; State v. Langley, supra; Dinkens v. State, supra; State v. Levitt, 118 R.I. 32, 371 A.2d 596 (1977).
[3] Litigation challenging the constitutionality of laws proscribing sodomy or deviate sexual behavior has increased sharply in recent years. Annot., 20 A.L.R.4th 1009 (1983). Presently, it is an open question of whether the right to privacy created from "penumbras" of the Bill of Rights, applies to all adult, sexual relations; the United States Supreme Court and many lower courts are in a state of confusion regarding the extent to which the right to privacy should be applied to protect consensual sexual conduct outside of the familial setting. Pearson, The Right of Privacy and Other ConstitutionalChallenges to Sodomy Statutes, 15 U.Tol.LRev. 811, 844 (1984). At present, twenty-six jurisdictions have enforceable statutes criminalizing consensual adult sodomus conduct. Id. at 817.