On Application for Rehearing

PER CURIAM.
This Court’s, opinion issued on June 13, 2014, is withdrawn, and the following is substituted therefor.
The appellant, Dewayne Williams, was indicted by a Dallas County grand jury for one count of sodomy in the first degree, a violation of § 13A-6-63, Ala.Code 1975. Following a- jury trial, Williams was convicted of the lesser-included offense of sexual misconduct, a violation of § 13A-6-65(a)(3), Ala.Code 1975, The circuit court sentenced Williams to 12- months in the Dallas County jail; that sentence was split and Williams was ordered to serve 12 months in jail followed by 2 years of supervised probation. The circuit court ordered Williams to pay $100 to the Crime Victims Compensation Fund, to reimburse the State for the cost of his court-appointed attorney, and to pay court costs. This appeal followed.
The record on appéal established the following pertinent facts. At 3:00 p.m. on January 10, 2010, A.R., who was 23 years old at the time, began working his shift as a clerk at the Jameson Inn. motel in Selma. Williams was sitting in the lobby of the motel. Williams left the lobby but returned around 4:15 p.m. and resumed sitting in the lobby. Williams was going to be charged for another night’s stay in the hotel because hé had failed to check out of the hotel before 11:00 a.m.; A.R. asked Williams whether he wanted the key to his room back. Williams said that he was still deciding on whether he was going to stay another' night, and he left the motel. When Williams returned he resumed sitting in the lobby. Williams approached A.R. at the front desk and reportéd that he was not receiving the A & E channel on the television in his room. A.R. got a television remote control and walked to the breakfast room in the motel to see if the television in that area was receiving the A & E channel, Williams followed A.R. into the breakfast area.
As A.R. was changing channels on the television in the breakfast area, Williams touched. A.R.’s thigh. A.R. stepped back, told Williams, “no,” and Williams again tried to touch A.R.’s leg. (R. 107.) After he determined that the motel was not receiving the A & E channel, A.R. heard the motel’s facsimile machine ring. A.R. told Williams that he would contact the cable company; he then left the breakfast room to go to the office. After entering the motel office, AR. turned around to shut the door completely when Williams grabbed A.R. by his throat and pushed him into the bathroom in the office. Williams told A.R, to not say anything or scream and that if A.R. did, Williams would choke A.R. harder. Williams locked the bathroom door and told A.R. “to take [Williams’s] pants down and take [A.R.’s pants] down and pretty much grope him and cause him to [become] erect.” (R. 113.) A.R. complied. Williams told A.R. to bend over and, after A.R. bent over a mop bucket, Williams proceeded to sodomize A.R. While sodomizing him, Williams bit A.R. on the neck and asked him, ‘Where were you last night?” (R. 114.) After Williams finished, he “told [A.R.] to open the door and see if anybody was in the lobby.” (R. 115.) After A.R. verified *1067 that no one was in the motel lobby, the men walked out of the bathroom, and A.R. went to his desk. For the next 45 minutes Williams “hovered around” A.R. and then returned to the lobby. (R. 116.)
After Williams left the office of the motel, A.R.’ sent a text message to one of his coworkers, asking her to come to the motel. The coworker came to the motel and, after Williams left the lobby, A.R. told her what Williams'had doné. The next day A.R. told his mother what had happened and the police were notified. A.R. went to a hospital, where nurse Patricia Anthony performed a sexual-assault examination on him. Torey Williams of the Alabama Department of Forensic Sciences received the sexual-assáult kit and determined that material obtained from rectal and genital swabs taken from A.R. matched a DNA sample Williams had provided.
At the close ,of the State’s case, Williams moved for a judgment of acquittal on the grounds .that the State “had failed to prove a prima facie case, failed to show sufficient evidence on forcible compulsion, ... failed to prove all the essential elements of the crime of sodomy in the first degree.” (R. 215.) The State responded:, “We believe that the deviate sexual intercourse is not even being challenged in _ this ■■case. So the only element that we’re left with is forcible compulsion.” (R. 215-16.) The circuit court denied Williams’s motion.
In his case-in-ehief Williams presented the testimony of three character witnesses. Williams also testified in his own defense, acknowledging that he had sodomized A.R. but stating that A.R, had consented to the sodomy. At the close of all the evidence, Williams renewed his motion for a judgment of 'acquittal. The motion was again denied.
During the charge conference the State asked the circuit court to instruct the jury on sexual misconduct 'as a lesser-included offense of sodomy in the first degree. Williams argued that doing so would “disregard!.]” the United States Supreme Court’s holding in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), which, he said, was that “consensual homosexual conduct cannot be outlawed by a state. And that’s exactly what this sexual misconduct statute does, that the State’s asking you to instruct the jury on.” (R. 301.) The circuit court granted the State’s request and instructed the jury on sexual misconduct as a lesser offense included within the offense of first-degree sodomy.
While instructing the jury, the circuit court correctly charged that, if the jury believed that A.R. had consented to the sexual encounter, it could not convict Williams of sodomy in the first degree. (R. 334-35.) After an off-the-record bench conference,' the circuit court instructed the jury that “[c]onsent is not a defense to prosecute under the charge of sexual misconduct.” (R. 343.)
Williams objected to the circuit court’s instructions on the ground that in giving the “charge on the alleged lesser included offense of sexual misconduct ... the Court is totally disregarding the established law handed down by the United States Supreme Court in the case of Lawrence [v.] Texas, 2003.”[1] (R. 343.) The jury returned a verdict of guilty on the charge of sexual misconduct.
Williams filed a written motion for a judgment of acquittal or, in the alternative, for arrest of judgment, in which he argued, among other things:
“7. ... [T]hat the Sexual Misconduct Statute under which Defendant was *1068 convicted, viz: Section 13A-6-65(a)(3), Code of Alabama 1975, is unconstitutional as applied to this Defendant.
“8. ... [T]hat said Section 13A-6-65(a)(3), is unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as applied to this Defendant.
“9. ... [T]hat said Section 13A-6-65(a)(3), is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as applied to this Defendant.
“10. ... [T]hat said Section 13A-6-65(a)(3), is unconstitutional under the decision of the United States Supreme Court in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003).
“11. ... [T]hat United States Supreme Court decisions regarding questions or application of the United States Constitution bind all State Courts in interpreting and applying federal constitutional law. Pennekamp v. Florida, 328 U.S. 331, 66 S.Ct. 1029, 90 L.Ed.2d 1295 (1946).
“12. ... [T]hat this Court is ‘bound by the law of stare decisis to apply the constitutional law as pronounced by the United States Supreme Court.’ State v. O’Guinn, 462 So.2d 1[0]52 (Ala.Crim.App.1985).
“13. ... [T]hat the Court erred in charging the jury that consent was no defense to the crime of sexual misconduct.
“14. ... [T]hat the acquittal of Defendant by the jury on the offense of Sodomy in the First Degree of necessity results in any sexual contact between this Defendant and the alleged victim as consensual in nature.
“15. ... [T]hat the decision of the United States Supreme Court in Lawrence v. Texas, supra, holding that a statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct violates the due process clause of the United States Constitution.”
(C. 105-06.) The circuit court denied Williams’s motion. This appeal followed.
On appeal, Williams contends that his conviction for violating § 13A-6-65(a)(3), Ala.Code 1975, is due to be reversed because, he argues, that statute is unconstitutional in light of Lawrence, supra.
“The Alabama Supreme Court has discussed the principles applicable to a challenge to the constitutionality of a statute, noting first that review of a challenge is de novo. State ex rel. King v. Morton, 955 So.2d 1012, 1017 (Ala.2006). The Court stated:
“ ‘[A]cts of the legislature are presumed constitutional. State v. Alabama Mun. Ins. Corp., 730 So.2d 107, 110 (Ala.1998). See also Dobbs v. Shelby County Econ. & Indus. Dev. Auth., 749 So.2d 425, 428 (Ala.1999) (“In reviewing the constitutionality of a legislative act, this Court will sustain the act ‘ “unless it is clear beyond reasonable doubt that it is violative of the fundamental law.” ’ ” White v. Reynolds Metals Co., 558 So.2d 373, 383 (Ala.1989) (quoting Alabama State Fed’n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944))). We approach the question of the constitutionality of a legislative act “ ‘ “with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government.” ’ ” Monroe v. Harco, Inc., 762 So.2d 828, 831 (Ala.2000) (quoting Moore v. Mobile Infirmary *1069 Ass’n, 592 So.2d 156, 159 (Ala.1991), quoting in turn McAdory, 246 Ala. at 9, 18 So.2d at 815).
“‘Moreover, in order to overcome the presumption of constitutionality, ... the party asserting the unconstitutionality of the Act ,.. bears the burden “to show that [the Act] is not constitutional.” Board of Trustees of Employees’ Retirement Sys. of Montgomery v. Talley, 291 Ala. 307, 310, 280 So.2d 553, 556 (1973). See also Thorn v. Jefferson County, 375 So.2d 780, 787 (Ala.1979) (“It is the law, of course, that a party attacking a statute has the burden of overcoming the presumption of constitutionality....”).’
“955 So.2d at 1017.”
State v. Worley, 102 So.3d 435, 448-49 (Ala.Crim.App.2011).
Section 13A-6-65(a)(3) provides: ■ “A person commits the crime of sexual misconduct if ... [h]e or she engages in deviate sexual intercourse with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64[, Ala.Code 1975]. Consent is no defense to a prosecution under this subdivision.” The commentary to that statute notes that the specific subdivision “was changed by the legislature to make all homosexual conduct criminal, and consent is no defense,” See Commentary to § 13A-6-65, Ala.Code 1975. Section 13A-6-60(2), Ala.Code 1975, defines “deviate sexual intercourse” as “[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.”
In Lawrence, supra, the United States Supreme Court considered the constitutionality of a Texas statute that provided: “A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex.” Texas Penal Code Ann. § 21.06(a) (2003). Another Texas statute defined “deviate sexual intercourse” as “any contact between any part of the genitals of one person and the mouth or anus of another person.” Texas Penal Code Ann. § 21.01(1)(A). The Supreme Court concluded that the statute as applied to Lawrence violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution and that it “further[ed] no legitimate state interest which can justify its intrusion into the personal and private life of the individual.” Lawrence, 539 U.S. at 579.
To date, no Alabama court has ruled on the constitutionality of § 13A-6-65, Ala.Code 1975, in light of the United States Supreme Court’s holding in Lawrence.[2] Because “[t]he only federal court whose decisions bind state courts is the United States Supreme Court” Lawrence controls our decision. Doe v. Pryor, 344 F.3d 1282, 1286 (11th Cir.2003). The United States Court of Appeals for the Eleventh Circuit went on to note in Doe that Lawrence “held that statutory prohibitions *1070 on consensual sodomy like [§ 13A-6-65(a)(3), Ala.Code 1975,] are unconstitutional because they infringe upon the rights of ‘adults to engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment.’ ” 344 F.3d at 1287 (quoting Lawrence, 539 U.S. at 564),
In Doe, supra, the Court of Appeals for the Eleventh Circuit considered a civil action in which four anonymous plaintiffs contended that § 13A-6-65(a)(3), Ala.Code 1975;' violated their First Amendment rights. Thé Eleventh Circuit noted that “the statute [had] been declared dead by the Alabama Attorney General.”" 344 F.3d at 1283. The Attorney General specifically “concede[d] that section 13A-6-65(a)(3) is unconstitutional, in his words, ‘to the extent that -it applies to private, legitimately consensual anal and oral sex between unmarried-persons.’ ” 344 F.3d at 1285 (quoting Supp. Brief of Appellee, p. 1).
The State acknowledges on appeal that Lawrence “prohibits prosecution for consensual anal sex.” (State’s brief, p. 16.) The State, however, “urges this Court to hold that the statute now requires, as an element pf the crime, that any sexual act charged under [§ 13A-6-65(a)(3), Ala. Code 1975,] must have been committed without the . consent of the victim.” (State’s brief, p. 18.) The State suggests that we accomplish this by striking the unconstitutional language from §§ 13A-6-65(a)(3) and 13A-6-70(a)[3] and remanding Williams’s case for a new trial. The Alabama Supreme Court, however, has stated: “As the judicial branch of government,' this Court can only interpret the law.” Ex parte Perkins, 851 So.2d 453, 456 n, 1 (Ala.2002). Therefore, we will not, as the State urges us to do on appeal, judiciously amend § 13A-6-65(a)(3), Ala.Code 1975, to make it constitutional.
We note, however, that Williams challenged § 13A-6-65(a)(3) as unconstitutional only as it applied to him; he did not assert a facial challenge to the constitutionality of the statute. “A ‘ “facial challenge” .., is defined as “[a] claim that a statute is unconstitutional on its face ... that is, that it always operates unconstitutionally,” ’ ” State v. Adams, 91 So.3d 724, 754 (Ala.Crim.App.2010) (quoting Board of Water & Sewer Comm’rs of Mobile v. Hunter, 956 So.2d 403, 419 (Ala.2006), quoting in turn, Black’s Law Dictionary 244 (8th ed.2004)). “If a statute is unconstitutional as applied, the State may continue to enforce the statute in different circumstances where it is not unconstitutional, but if a statute is unconstitutional on its face, the State may not enforce the statute under any circumstances.” Women’s Med. Prof'l Corp. v. Voinovich, 130 F.3d 187, 193 (6th Cir.1997). Accordingly, the United States Supreme Court’s decision in Lawrence v. Texas leaves this Court with no choice but to reverse Williams’s conviction for sexual misconduct. However, because Williams challenged only the constitutionality of § 13A-6-65(a)(3) as it applied to him, there may be other circumstances where the State may prosecute an individual for violating § 13A-6-65(a)(3).
A remand of this case for a new trial would, as Williams argues, violate the Double Jeopardy Clauses of the Fifth Amendment to' the United States Constitution and the Alabama Constitution. The *1071 United States Supreme Court has stated of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution:
“We have recognized that the Double Jeopardy Clause consists of several protections: ‘It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.’ North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted). These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense. United States v. Wilson, 420 U.S. 332, 339 (1975); The Clause operates as a ‘bar against repeated attempts to convict, with consequent subjection of the defendant to embarrassment, expense, anxiety, and insecurity, and the possibility that he may be found guilty even though innocent.’ United States v. DiFrancesco, 449 U.S. 117, 136 (1980).”
Schiro v. Farley, 510 U.S. 222, 229-30, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994).
“The double jeopardy clauses of the Fifth Amendment to the Constitution of the United States and of the Alabama Constitution preclude a second trial once a reviewing court has found the evidence presented at trial insufficient to sustain the jury’s verdict of guilty. The prosecution is not afforded another opportunity to supply the evidence which it failed to muster in the first trial.”
Prantl v. State, 462 So.2d 781, 784 (Ala.Crim.App.1984).
At the conclusion of his trial, Williams was acquitted of sodomy in the first degree, an pífense for which consent was a defense. Williams was, therefore, acquitted of sodomy.; Accordingly, to reverse the conviction and,-remand this case for a new trial on a charge of nonconsensual sex based on the same facts presented- during the first trial would violate double-jeopardy principles.
Williams also correctly asserts that a remand and retrial of his case would violate the prohibition in Art. 1, § 10, of the United States Constitution, which states, in pertinent part: “No State shall ... pass any ... ex post facto Law.”
The Alabama Supreme Court has explained:
“In Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), the Supreme Court of the United States reversed a conviction for trespass because the South Carolina Supreme Court affirmed the conviction on the basis of- judicial construction, announced after the alleged trespass, which interpreted -the statute as proscribing not only entering the premises of another after notice prohibiting such entry, but also remaining on the premises of another after receiving notice to leave. The United States Supreme Court stated the following:
“‘Indeed, an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10, of the Constitution forbids. Án ex post facto law has been defined by this Court as one “that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action,” or “that aggravates a crime, or makes it greater .than it .was, when committed.” Calder v. Bull, [3 U.S.] 3 Dall. 386, 390 [1 L.Ed. 648 (1990)]. If a state legislature is barred by the Ex *1072 post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction. Cf. Smith v. Cahoon, 283 U.S. 553, 565 [51 S.Ct. 582, 75 L.Ed. 1264 (1931)]. The fundamental principle that “the required criminal law must have existed when the conduct in issue occurred,” Hall, General Principles of Criminal Law (2d ed.1960), at 58-59, must apply to bar retroactive criminal prohibitions emanating from courts as well as from legislatures. If-a judicial construction of a criminal statute is “unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,” it must not be given retroactive effect. Id., at 61. [Footnotes omitted.]’
“378 U.S. at 353-54, 84 S.Ct. at 1702-03. The Court concluded by saying this:
“ ‘We think it clear that the South Carolina Supreme Court, in applying its new construction of the statute to affirm these convictions, has deprived petitioners of rights guaranteed to them by the Due Process Clause. If South Carolina had applied to this case its new statute prohibiting the act of remaining on the premises of another after being asked to leave, the constitutional proscription of ex post facto laws would clearly invalidate the convictions. The Due Process Clause compels the same result here, where the State has sought to achieve precisely the same effect by judicial construction of the statute. While such a construction is of course valid for the future, it may not be applied retroactively, any more than a legislative enactment may be, to impose criminal penalties for conduct committed at a time when it was not fairly stated to be criminal.
[[Image here]]
“ ‘... The crime for which these petitioners stand convicted was “not enumerated in the statute” at the time of their conduct. It follows that they have been deprived of liberty and property without due process of law in contravention of the Fourteenth Amendment.’
“378 U.S.. at 362-63, 84 S.Ct. at 1707. Therefore, in the case of judicial interpretation of statutes, due process of law prevents the retroactive application of a changed construction of a statute, just as legislative enactments cannot be retroactively applied.”
Ex parte Alexander, 475 So.2d 628, 629-30 (Ala.1985).
We would violate the ex post facto clause of the United States Constitution were we to do as the State suggests and remove the unconstitutional language from § 13A-6-65(a)(3), Ala.Code 1975, and remand this case for retrial.
The United States Supreme Court’s holding in Lawrence effectively renders § 13A-6-65(a)(3) unconstitutional as it applies to Williams, and we conclude that the circuit court erred in denying Williams’s motion for a judgment of acquittal. Therefore, we reverse Williams’s conviction and render a judgment of acquittal in favor of Williams.
APPLICATION FOR REHEARING OVERRULED; OPINION OF JUNE 13, 2014, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND JUDGMENT RENDERED.
WINDOM, P.J., and WELCH, KELLUM, BUREE, and JOINER, JJ., concur.

. The record demonstrates that the circuit court never ruled on Williams’s objection.

. As recently as 2008 the Alabama Court of Civil Appeals noted:
"A Texas statute [worded similarly to § 13A-6-65, Ala.Code 1975,] was struck down as unconstitutional in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), prompting Alabama’s attorney general to concede that § 13A-6-65[, Ala.Code 1975,] is unconstitutional ' "to the extent that it applies to private, legitimately consensual anal and oral sex between unmarried persons.” ' Doe v. Pryor, 344 F.3d 1282, 1288 (11th Cir.2003). However, § 13A-6-65 has not been declared unconstitutional by any court.”
J.L.M. v. S.A.K., 18 So.3d 384, 390 n. 4 (Ala.Civ.App.2008).
This Court has recognized that “In Lawrence, the [United States] Supreme Court held that a Texas statute that banned same-sex sodomy was unconstitutional.” Newton v. State, 78 So.3d 458, 475 (Ala.Crim.App.2009).

. Section 13A-6-70(a), Ala.Code 1975, provides: "Whether or not specifically stated, it is an element of every offense defined in this article, with the exception pf subdivision (a)(3) of Section 13A-6-65, that the sexual act was committed without consent of the victim.”