BURKE, Judge.
Thomas Eugene Gilbert appeals his guilty-plea conviction for sexual misconduct, see § 13A-6-65(a)(3), Ala.Code 1975, and his resulting sentence of 365 days in the Jackson County jail. That sentence was suspended, and Gilbert was ordered to serve 24 months of supervised probation.
Gilbert was indicted for one count of sexual misconduct and one count of first-degree sodomy. Both counts involved the same victim, R.D., a 17-year-old male. On February 19, 2014, Gilbert pleaded guilty to sexual misconduct, and the sodomy charge was dismissed. Gilbert reserved the right to appeal the issue whether § 13A-6-65(a)(3) is unconstitutional, but he failed to preserve this issue for appellate review because he did not obtain a ruling from the circuit court on his constitutional challenge. On February 26, 2014, Gilbert moved to withdraw his guilty plea on the ground that, although his plea was conditioned upon his ability to challenge the constitutionality of § 13A-6-65(a)(3) on appeal, the circuit court had failed to enter an adverse ruling on Gilbert’s motion to dismiss; therefore, Gilbert’s challenge was not preserved for appellate review.
On March 3, 2014, the circuit court held a hearing. During that hearing, the circuit court granted Gilbert’s motion to withdraw his guilty plea and then heard argument on Gilbert’s motion to dismiss the sexual misconduct charge against him based on his contention that the United States Supreme Court’s holding in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), rendered § 13A-6-65(a)(3) unconstitutional. There is no written motion to dismiss in the record. It is unclear from Gilbert’s oral argument during the hearing whether he was attempting to argue that § 13A-6-65(a)(3) is unconstitutional on its face or whether he was attempting to argue that § 13A-6-65(a)(3) is unconstitutional only as applied to him. During the argument on the motion to dismiss, Gilbert’s attorney stated that § 13A-6-65(a)(3) is unconstitutional, but, other than a citation to Lawrence, the specific basis of his constitutional challenge is unclear. Gilbert’s attorney stated that § 13A-6-65(a)(3) is unconstitutional and argued:
“And we would cite the case of Lawrence v. Texas, it’s a U.S. Supreme Court case, 539 U.S. 558. It’s 2003. In that case, the supreme court struck down a very similar statute, a Texas statute, on the grounds that it violated *1101 due process on the Fifth and Fourteenth Amendments and the right to privacy in that it prohibited sexual relations within somebody’s private residence or within a private area.”
(R. 5.)
The State responded:
“I would like to say on the record this was a 17-year-old child victim. Alcohol use was involved by both the defendant who was charged and the child victim. And although the statute says consent is not a defense to prosecution under this subdivision, consent — consent was not given in the case before the Court today, your Honor. So the State’s position is that there was no consent. Alcohol was involved by both parties. Alcohol use was a part of this event on the part of both parties, and the alleged victim was a 17-year-old minor.”
(R. 7-8.)
Gilbert’s attorney replied:
“I just wanted to respond about the consent issue, your Honor. Lack of consent or consent is not relevant under the statute. I think the whole point of this case in — what it is is he’s also charged with forcible compulsion, and our defense at trial would have been that it was consensual. The State may have a different thought on that, but, you know, under my Ghent’s recollection and version of events it was a consensual — it was a 17-year-old. He was over 16, but he was not 19 years old. He is not an adult under Alabama law, but he was capable of consent. And under the statute, it prohibits consensual or noncon-sensual. And it does — [§ 13A-6-65](a)(l) and (a)(2) do give a provision where you can apply a fact pattern of what [the prosecutor] just described of where there is not forcible compulsion but there is not necessarily consent either. But it does not apply to same-sex acts; it only applies to opposite gender.”
(R. 8-9.)
After hearing that argument, the circuit court denied Gilbert’s motion to dismiss. Gilbert then entered his guilty plea to one count of sexual misconduct, and again reserved his right to challenge the constitutionality of § 13A-6-65(a)(3) on appeal. There is no stipulated set of facts or other specific factual basis for the plea set forth in the record. The indictment charging Gilbert with sexual misconduct simply stated that Gilbert “did engage in deviate sexual intercourse with another person, to-wit: [R.D.], under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64, in violation of Section 13A-6-65(a)(3) of the Code of Alabama.” (C. 7.) After Gilbert entered his guilty plea, pursuant to his previous agreement with the State, the sodomy charge was dismissed and Gilbert was sentenced.
On appeal, Gilbert’s only argument is that “section 13A-6-65(a)(3) is unconstitutional in light of the Supreme Court’s ruling in Lawrence v. Texas, 539 U.S. 558 (2003).” Gilbert’s brief, at 8. Gilbert states that “the statute is void and cannot be enforced against [Gilbert] or anyone else.” Id. at 11.
Section 13A-6-65(a), Ala.Code 1975, provides:
“A person commits the crime of sexual misconduct if:
“(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by Sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice; or
*1102 “(2) Being a female, she engages in sexual intercourse with a male without his consent; or
“(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-6⅜. Consent is no defense to a prosecution under this subdivision.”
Section 13A-6-60(2), Ala.Code 1975, defines “deviate sexual intercourse” as “any act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.”
In Williams v. State, 184 So.3d 1064 (Ala.Crim.App.2015), this Court held that § 13A-6-65(a)(3) was unconstitutional as applied to a specific defendant in a particular situation. However, this Court has never held that § 13A-6-65(a)(3) is unconstitutional on its face.
This Court has explained:
“A ‘ “facial challenge” ... is defined as “[a] claim that a statute is unconstitutional on its face — that is, .that it always operates unconstitutionally.” ’ Board of Water & Sewer Comm’rs of Mobile v. Hunter, 956 So.2d 403, 419 (Ala.2006) (quoting Black’s Law Dictionary 244 (8th ed.2004)). To prevail on a facial challenge to the constitutionality of a statute, it must be established ‘that no set of circumstances exists under which the [statute] would be valid.’ United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). In contrast, an ‘as-applied challenge’ is ‘a claim that a statute is unconstitutional on the facts of a particular case or in its application to a particular party.’ Black’s Law Dictionary 244 (8th ed.2004)..”
State v. Adams, 91 So.3d 724, 754 (Ala. Crim.App.2010).
In State v. Woodruff, 460 So.2d 325 (Ala. Crim.App.1984), the defendant was charged with violating § 13A-6-65(a)(3). The defendant moved to dismiss the charge on the basis that § 13A-6-65(a)(3) was unconstitutional on its face. This Court held that the defendant did not have standing to make such a challenge because the record was “totally devoid of evidence indicating that [the defendant’s] right to privacy was violated.” Woodruff, 460 So.2d at 330. In J.L.N. v. State, 894 So.2d 751 (Ala.2004), - the Alabama Supreme Court discussed standing and approvingly discussed our decision in Woodruff, as follows:
“ ‘Not all controversies ... are justiciable. Justiciability is a compound concept, composed of a number of distinct elements. Chief among these elements is the requirement that a plaintiff have “standing to invoke the power of the court in his behalf.”’ Ex parte State ex rel. James, 711 So.2d 952, 960 (Ala.1998) (quoting Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990)). ‘Standing ... turns on “whether the party has been injured in fact and whether the injury is to a legally protected right.”’ State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala.1999) (quoting Romer v. Board of County Comm’rs of the County of Pueblo, 956 P.2d 566, 581 (Colo.1998) (Kourlis, J., dissenting)).
“‘When a party without standing pin-ports to commence an action, the trial court acquires no subject-matter jurisdiction. Barshop v. Medina County Underground Water Conservation District, 925 S.W.2d 618, 626 (Tex.1996) (“Standing is a necessary component of subject matter jurisdiction”). See also Raines v, Byrd, 521 U.S. 811, 117 S.Ct 2312, 138 L.Ed.2d , 849 (1997); Lewis v. Casey, 518 U.S, 343, 116 S.Ct 2174, 135 L.Ed.2d 606 (1996); United States v. Hays, 515 *1103 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (“‘standing “is perhaps the most -important of [the jurisdictional] doctrines”’”); National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (“Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.”); Romer v. Board of County Comm’rs of the County of Pueblo, supra, 956 P.2d at 585 (“standing is a jurisdictional prerequisite to every case and may be raised at any stage of the proceedings”) (Martinez, J., dissenting); Cotton v. Steele, 255 Neb. 892, 587 N.W.2d 693 (1999). But see Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh, 554 Pa. 249, 721 A.2d 43 (1998) (standing is not jurisdictional).’
“State v. Property at 2018 Rainbow Drive, 740 So.2d at 1028.
“In State v. Woodruff, 460 So.2d 325 (Ala.Crim.App.1984), the defendant, Woodruff, moved the trial court to dismiss the criminal complaint against him because, Woodruff alleged, the statute upon which the complaint was based— § 13A-6-65(a)(3), Ala.Code 1975, which prohibits deviate sexual intercourse between unmarried individuals — was unconstitutional. Specifically, Woodruff argued that the statute violated the right of privacy of consenting adults to engage in sexual intercourse. The trial court dismissed the complaint, apparently agreeing that the statute was unconstitutional. ■
“The Court of Criminal Appeals, however, reviewing the trial court’s judgment, noted that Woodruff failed to demonstrate that he had standing to challenge the statute.'
“‘Appellate courts will not pass upon a constitutional question unless some specific right of the appellant is directly involved; the appellant must , belong to that class' affected by the statute’s provisions. McCord v. Stephens, 295 Ala. 162, 325 So.2d 155 (1975); Evans v. State, 338 So.2d 1033 (Ala.Crim.App.1976), cert. denied, 348 So.2d 784 (Ala.1977); Bozeman v. State, 7 Ala.App. 151, 61 So. 604, cert. denied, 183 Ala. 91, 63 So. 201 (1913). Even under the circumstances where a constitutional attack on a statute may be presented to the trial court prior to trial and, consequently, without benefit of a trial record, adherence to the traditional concepts of standing is required. See, e.g., State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943); State v. Wilkerson, [54 Ala.App. 104, 305 So.2d 378 (1974)]; People v. Allen, 657 P.2d 447 (Colo.1983); State v. Raybon, 242 Ga. 858, 252 S.E.2d 417 (1979); State V. Price, 237 N.W.2d 813 (Iowa 1976), appeal dismissed, 426 U.S. 916, 96 S.Ct. 2619, 49 L.Ed.2d 370 (1976); People v. Jose L., 99 Misc.2d 922, 417 N.Y.S.2d 655 (N.Y.Crim.Ct.1979); Commonwealth v. Bonadio, 490 Pa. 91, 415 A.2d 47 (1980); Commonwealth v. Hughes, 468 Pa. 502, 364 A.2d-306 (1976). Unless these usual rules of standing are not applicable to the situation at bar, they should have precluded the trial court from deciding the constitutionality of the sexual misconduct statute in a factual vacuum.’
“State v. Woodruff 460 So.2d at 328.
“The Court of Criminal Appeals in Woodruff noted that -the trial court made its decision after a brief oral argument on the issue of the constitutionality of the statute and that the transcript was totally devoid of any evidence indicating .that Woodruffs right to privacy *1104 had been violated. Furthermore, the complaint charging Woodruff offered no indication of the factual setting in which the alleged violation of the statute occurred. The Court of Criminal Appeals held that because Woodruff failed to demonstrate that he suffered an injury to a legally protected right the trial court did not obtain subject-matter jurisdiction over his claim that § 13A-6-65(a)(3), Ala.Code 1975, was unconstitutional, and the Court of Criminal Appeals remanded the case for further proceedings.”
J.L.N., 894 So.2d at 753-54.
Concerning an “as-applied” challenge to § 13A-6-65(a)(3), in Wesson v. State, 208 So.3d 1160 (Ala.Crim.App.2015), this Court stated:
“It is well settled that a person challenging the constitutionality of a statute as applied to him ‘bears the burden of proving that [the statute] is unconstitutional as applied to his conduct.’ Powell v. State, 72 So.3d 1268, 1278 (Ala.Crim. App.2011). The Texas Court of Appeals has explained:
“ ‘A statute may be found unconstitutional “as applied” to a specific set of facts or “on its face.” See Scott v. State, 322 S.W.3d 662, 665 n. 1 (Tex. Crim.App.2010); Bynum v. State, 767 S.W.2d 769, 773 (Tex.Crim.App.1989). Generally, a defendant must show that a statute is unconstitutional “as applied” to the conduct for which he was charged. See id. at 774. A claim that a statute is unconstitutional “as applied” is a claim that the statute operates unconstitutionally with respect to the claimant because of his particular circumstances. Gillenwaters v. State, 205 S.W.3d 534, 536 n. 3 (Tex.Crim. App.2006).’
“State v. Johnson, 425 S.W.3d 542, 545 (Tex.App.2014). Accordingly, this Court has held that, without evidence or some factual basis in the record, it cannot hold that an appellant has met his burden to establish that a statute is unconstitutional as applied to him. State v. Woodruff, 460 So.2d 325, 330 (Ala.Crim.App.1984).
“Wesson pleaded guilty to violating § 13A-6-65(a)(3), which provides: ‘A person commits the crime of sexual misconduct if ... [h]e or she engages in deviate sexual intercourse with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision.’ Section 13A-6-60(2), Ala.Code 1975, defines ‘deviate sexual intercourse’ as ‘[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.’
“ ‘In Lawrence [v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003) ], ... the United States Supreme Court considered the constitutionality of a Texas statute that provided: “A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex.” Texas Penal Code Ann. § 21.06(a) (2003). Another Texas statute defined “deviate sexual intercourse” as “any contact between any part of the genitals of one person and the mouth or anus of another person.” Texas Penal Code Ann. § 21.01(1)(A). The Supreme Court concluded that the statute violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution and that it “further[ed] no legitimate state interest which can justify its intrusion into the personal and private life of the individual.” Lawrence, 539 U.S. at 579, 123 S.Ct. 2472.’
*1105 “Williams v. State, 184 So.3d 1064, 1069 (Ala.Crim.App.2015). The Supreme Court in Lawrence, however, held only that “statutory prohibitions on consensual sodomy ... are unconstitutional because they infringe upon the rights of ‘adults to engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment.”” Williams, 184 So.3d at 1070 (emphasis added) (quoting Doe v. Pryor, 344 F.3d 1282, 1287 (11th Cir. 2003), quoting in turn Lawrence, 539 U.S. at 564, 123 S.Ct. 2472). Section 13A-6-65(a)(3) criminalizes not only consensual deviate sexual intercourse, but also criminalizes other circumstances in which a person engages in deviate sexual intercourse, such as when the act results from fraud, artifice, or extortion. Thus, in an as-applied challenge to § 13A-6-65(a)(3) the defendant must establish that the statute is unconstitutional as applied to his conduct, i.e., he must establish that he engaged in consensual deviate sexual intercourse. Cf. Woodruff, 460 So.2d at 330-31.
“The record in this case fails to show that Wesson’s conduct falls within the conduct protected under Lawrence. Specifically, there is no evidence in the record indicating that Wesson engaged in consensual deviate sexual intercourse. Because there is no indication in the record that the Supreme Court’s holding in Lawrence prohibits prosecution for Wesson’s conduct, Wesson failed to meet his burden of establishing that § 13A-6-65(a)(3) is unconstitutional as applied to him.”
Wesson, 208 So.3d at 1163.
In the present case, regardless of whether Gilbert is attempting to make a “facial” or an “as-applied” challenge to the constitutionality of § 13A-6-65(a)(3), he failed to set forth any evidence in the record indicating that his conduct falls within the specific conduct protected under Lawrence. Specifically, there is no evidence in the record indicating that Gilbert engaged in consensual deviate sexual intercourse. Because there is no evidence in the record indicating that Gilbert’s conduct was protected under Lawrence, Gilbert has failed to meet his burden of establishing that § 13A-6-65(a)(3) is unconstitutional as applied to him. Furthermore, because the record is devoid of any evidence indicating that Gilbert engaged in consensual deviate sexual intercourse and Gilbert cannot show that § 13A-6-65(a)(3) is unconstitutional as applied to him, he does not have standing to mount a facial challenge to § 13A-6-65(a)(3).[1]
Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH and JOINER, JJ., concur. KELLUM, J., dissents.

. We again recognize that § 13A-6-65(a)(3) criminalizes conduct other than consensual deviate sexual intercourse, such as when the deviate sexual intercourse results from fraud, artifice, or extortion. Furthermore, § 13A-6-65(a)(3) is a lesser-included offense of first-degree sodomy, see § 13A-6-63, Ala.Code 1975, and second-degree sodomy, see § 13A-6-64, Ala.Code 1975, and, depending on the factual scenario, a person charged with other offenses, such as first-degree sexual abuse under § 13A-6-66, Ala.Code 1975, could plead to sexual misconduct under § 13A-6-65(a)(3). Therefore, § 13A-6-65(a)(3) has many applications other than criminalizing consensual deviate sexual intercourse.