WINDOM, Presiding Judge.
Joshua Wesson appeals his conviction for sexual misconduct, see § 13A-6-65(a)(3), Ala.Code 1975, entered following a guilty plea, and his resulting sentence of 12 months in prison. Wesson’s sentence was suspended and he was ordered to serve 24 months of unsupervised probation.
Wesson was indicted for first-degree sodomy, see 13A-6-63, Ala. Code 1975, for engaging in deviate sexual intercourse with a woman by forcible compulsion, and for sexual misconduct, see § 13A-6-65(a)(3), Ala.Code 1975, for engaging in deviate sexual intercourse with a woman under circumstances other than those covered by Alabama’s sodomy statutes. On April 1, 2014, Wesson moved the circuit court to dismiss the count charging him with sexual misconduct. In his motion, Wesson asserted that, under the holding of the Supreme Court of the United States in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), sexual misconduct as defined in § 13A-6-65(a)(3), Ala.Code 1975, is unconstitutional as applied to him. Wesson did not argue in his motion to dismiss that § 13A-6-65(a)(3), Ala.Code 1975, is unconstitutional on its face.
On April 2, 2014, the circuit court held a hearing on Wesson’s motion to dismiss. During the hearing, Wesson reasserted the argument raised in his motion. He did not, however, present any evidence indicating that his conduct was protected under the Supreme Court’s holding in Lawrence. After hearing Wesson’s argument, the circuit court denied his motion.
Thereafter, Wesson, pursuant to a negotiated plea agreement, pleaded guilty to sexual misconduct. In exchange for his guilty plea, the State agreed to nolle pros the first-degree-sodomy charge. Further, Wesson reserved the right to appeal the circuit court’s denial of his motion to dismiss the sexual-misconduct charge.
On appeal, Wesson argues that, under Lawrence v. Texas, § 13A-6-65(a)(3), Ala. Code 1975, is unconstitutional both on its face and as applied to him. According to Wesson, § 13A-6-65(a)(3) criminalizes deviate sexual intercourse between consenting adults; therefore, it is both facially unconstitutional and unconstitutional as applied to him. Wesson then argues that, because § 13A-6-65(a)(3) is unconstitutional, his conviction must be reversed. This Court disagrees.
To the extent Wesson argues that § 13A-6-65(a)(3) is unconstitutional on its face, his argument is not preserved for appellate review. It is well settled that
“ ‘[rjeview on appeal is restricted to questions and issues properly and timely raised at trial.’ Newsome v. State, 570 So.2d 703, 717 (Ala.Crim.App.1989). ‘An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved *1162 and presented.’ Pate v. State, 601 So.2d 210, 213 (Ala.Crim.App.1992). ‘“[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.’” McKinney v. State, 654 So.2d 95, 99 (Ala.Crim.App.1995) (citation omitted). ‘The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.’ Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). ‘The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.’ Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994).”
Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003).
In his motion to dismiss and at the hearing on that motion, Wesson asserted that § 13A-6-65(a)(3) was unconstitutional as applied to him. He did not, however, challenge § 13A-6-65(a)(3) as facially unconstitutional. Consequently, Wesson’s argument that § 13A-6-65(a)(3) is unconstitutional on its face is not preserved for this Court’s review and does not entitle him to any relief.
Further, Wesson failed to meet his burden of establishing that § 13A-6-65(a)(3) is unconstitutional as applied to him. In his brief, Wesson argues: “The Sexual Misconduct statute is a clear violation of Mr. Wesson’s right to privacy and Due Process rights guaranteed by the Fourteenth Amendment, to engage in private consensual sexual relations with another consenting adult.” (Wesson’s brief, at 8; emphasis added.)
It is well settled that a person challenging the constitutionality of a statute as applied to him “bears the burden of proving that [the statute] is unconstitutional as applied to his conduct.” Powell v. State, 72 So.3d 1268, 1278 (Ala.Crim.App.2011). The Texas Court of Appeals has explained:
“A statute may be found unconstitutional ‘as applied’ to a specific set of facts or ‘on its face.’ See Scott v. State, 322 S.W.3d 662, 665 n. 1 (Tex.Crim.App.2010); Bynum v. State, 767 S.W.2d 769, 773 (Tex.Crim.App.1989). Generally, a defendant must show that a statute is unconstitutional ‘as applied’ to the conduct for which he was charged. See id. at 774. A claim that a statute is unconstitutional ‘as applied’ is a claim that the statute operates unconstitutionally with respect to the claimant because of his particular circumstances. Gillenwaters v. State, 205 S.W.3d 534, 536 n. 3 (Tex.Crim.App.2006).”
State v. Johnson, 425 S.W.3d 542, 545 (Tex.App.2014). Accordingly, this Court has held that, without evidence or some factual basis in the record, it cannot hold that an appellant has met his burden to establish that a statute is unconstitutional as applied to him. State v. Woodruff, 460 So.2d 325, 330 (Ala.Crim.App.1984).
Wesson pleaded guilty to violating § 13A-6-65(a)(3), which provides: “A person commits the crime of sexual misconduct if ... [h]e or she engages in deviate sexual intercourse with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision.” Section 13A-6-60(2), Ala.Code 1975, defines “deviate sexual intercourse” as “[a]ny act of sexual gratification between persons not married to each other involving the sex organs of one person and the mouth or anus of another.”
“In Lawrence[ v. Texas, 539 U.S. 558 (2003)], ... the United States Supreme *1163 Court considered the constitutionality of a Texas statute that provided: ‘A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex.’ Texas Penal Code Ann. § 21.06(a) (2003). Another Texas statute defined ‘deviate sexual intercourse’ as ‘any contact between any part of the genitals of one person and the mouth or anus of another person.’ Texas Penal Code Ann. § 21.01(1)(A). The Supreme Court concluded that the statute violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution and that it ‘further[ed] no legitimate state interest which can justify its intrusion into the personal and private life of the individual.’ Lawrence, 539 U.S. at 579, 123 S.Ct. 2472.”
Williams v. State, 184 So.3d 1064, 1069 (Ala.Crim.App.2015). The Supreme Court in Lawrence, however, held only that “ ‘statutory prohibitions on consensual sodomy ... are unconstitutional because they infringe upon the rights of “adults to engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment.” ’ ” Williams, 184 So.3d at 1070 (emphasis added) (quoting Doe v. Pryor, 344 F.3d 1282, 1287 (11th Cir.2003), quoting in turn Lawrence, 539 U.S. at 564. Section 13A-6-65(a)(3) criminalizes not only consensual deviate sexual intercourse, but also criminalizes other circumstances in which a person engages in deviate sexual intercourse, such as when the act results from fraud, artifice, or extortion. Thus, in an as-applied challenge to § 13A-6-65(a)(3) the defendant must establish that the statute is unconstitutional as applied to his conduct, i.e., he must establish that he engaged in consensual deviate sexual intercourse. Cf. Woodruff, 460 So.2d at 330-31.
The record in this case fails to show that Wesson’s conduct falls within the conduct protected under Lawrence. Specifically, there is no evidence in the record indicating that Wesson engaged in consensual deviate sexual intercourse. Because there is no indication in the record that the Supreme Court’s holding in Lawrence prohibits prosecution for Wesson’s conduct, Wesson failed to meet his burden of establishing that § 13A-6-65(a)(3) is unconstitutional as applied to him.
Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
WELCH, BURKE, and JOINER, JJ., concur.
KELLUM, J., concurs in the result.