KELLUM, Judge.
Pursuant to a negotiated plea agreement, the appellant, Ashley Parkins Pruitt, a school employee, pleaded guilty to two counts of engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years, a violation of § 13A-6-81, Ala. Code 1975, and two counts of distribution of obscene material to a minor, a violation of § 13A-12-200.5, Ala. Code 1975. The circuit court sentenced Pruitt to 15 years' imprisonment for each conviction for engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years; those sentences were split, and Pruitt was ordered to serve 1 year in jail and 2 years on house arrest followed by 3 years' supervised probation. For her convictions for distributing obscene material to a minor, the circuit court sentenced Pruitt to one year in jail; those sentences were split and Pruitt was ordered to serve six months in jail followed by three years' supervised probation. The court ordered that all four sentences were to run concurrently. The court further ordered Pruitt to pay $2,500 in fines, $250 to the crime victims compensation fund, and court costs.
During the guilty plea, the parties submitted an exhibit to the plea agreement in which they stipulated to the following facts:
"Ashley Pruitt (hereinafter 'AP') was employed with the Blount County Board of Education at various times as a teacher and coach from 2008 to 2015.
"At all times relevant to this case, AP resided in the Locust Fork community.
"AP was hired as a teacher and coach at Locust Fork High School, where she taught during the school years of 2012-2013 and 2013-2014. The school year runs from August through May.
*734 "At all time pertinent to this case, Victim # 1, Victim # 2, and Victim # 3 were between the ages of sixteen and eighteen years old, student athletes, and enrolled as students at Locust Fork High School. All victims were in AP's classes, at some point, at Locust Fork High School during the school years of 2012-13 and/or 2013-14.
"In August 2014, the Blount County Board of Education hired AP to teach and coach at Appalachian High School where she remained employed as a teacher and coach until January 2015.
"Locust Fork High School and Appalachian High School are located in Blount County, Alabama, and are a part of the Blount County School System. Locust Fork High School and Appalachian High School are about 20 miles apart. There are a total of seven high schools in Blount County. Six of those seven high schools are a part of the Blount County School System.
"In October 2014, AP knowingly sent Victim # 1, who was 16 at the time, a nude photograph of her breasts and a nude photograph of her vagina via Snapchat [social-media platform] using an electronic device while in Blount County. Victim # 1 claims the photos did not 'harm' him. As to Victim # 1, the State would assert that harm is determined by the trier of fact based on community standards. Per the statute, the term 'harmful to minors' is defined as
"a. The average person, applying contemporary community standards, would find the material, taken as a whole, appeals to the prurient interest of minors; and
"b. The material depicts or describes sexual conduct, breast nudity or genital nudity, in a way which is patently offensive to prevailing standards in the adult community with respect to what is suitable to minors; and
"c. A reasonable person would find that the material, taken as a whole, lacks serious literacy, artistic, political or scientific value for minors.
"In October 2014, AP engaged in deviant sexual intercourse with Victim # 2, who was 16 at the time, in Blount County, Alabama.
"In September 2014, AP engaged in sexual intercourse with Victim # 3, who was 18 at the time, in Blount County, Alabama.
"All acts between AP and the victims were consensual. However, it is the State's argument that under [§]13A-6-81, [Ala. Code 1975,] consent is not a defense to the crimes charged."
(C. 44-45.)
Before entering her plea, Pruitt filed a motion to dismiss the charges pending against her on the basis that the statutes under which she pleaded guilty were unconstitutional as applied to her. At the time she entered her guilty plea, Pruitt filed a renewed motion to dismiss all five counts against her in which she reasserted her constitutional challenge and during her guilty-plea colloquy reserved her challenge to the constitutionality of the statutes. This appeal followed.
I.
Pruitt contends that § 13A-6-81, Ala. Code 1975, is unconstitutional as applied to her. Specifically, Pruitt argues that her felony convictions should be overturned because, she says, the legislature never intended § 13A-6-81, Ala. Code 1975, to apply to teachers and students, 16 and older, who are not at the same school. Pruitt cites the United States Supreme Court's holding in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), in support of her contention on *735 appeal and contends that "[t]he Lawrence opinion, with Alabama's age of consent being sixteen, should protect Pruitt from prosecution for her sexual activities with Locust Fort students." (Pruitt's brief, pp. 9-13.)
"The interpretation of a statute involves a question of law and an appellate court reviews a trial court's interpretation de novo, without any presumption of correctness. Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197 (Ala. 2001). " '[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo." Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997).' Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999)."
Girard v. State, 883 So.2d 717, 719 (Ala. 2003).
"It is well settled that a person challenging the constitutionality of a statute as applied to [her] 'bears the burden of proving that [the statute] is unconstitutional as applied to [her] conduct.' Powell v. State, 72 So.3d 1268, 1278 (Ala. Crim. App. 2011). The Texas Court of Appeals has explained:
" 'A statute may be found unconstitutional "as applied" to a specific set of facts or "on its face." See Scott v. State, 322 S.W.3d 662, 665 n. 1 (Tex. Crim. App. 2010) ; Bynum v. State, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989). Generally, a defendant must show that a statute is unconstitutional "as applied" to the conduct for which he was charged. See id. at 774. A claim that a statute is unconstitutional "as applied" is a claim that the statute operates unconstitutionally with respect to the claimant because of his particular circumstances. Gillenwaters v. State, 205 S.W.3d 534, 536 n. 3 (Tex. Crim. App. 2006).'
" State v. Johnson, 425 S.W.3d 542, 545 (Tex. App. 2014)."
Wesson v. State, 208 So.3d 1160, 1162 (Ala. Crim. App. 2015).
Statutes are presumed to be constitutional. In considering whether a legislative act is unconstitutional, we are guided by the following principles:
" 'This Court " 'should be very reluctant to hold any act unconstitutional.' " Ex parte D.W., 835 So.2d 186, 189 (Ala. 2002) (quoting Ex parte Boyd, 796 So.2d 1092, 1094 (Ala. 2001) ). "[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government." Alabama State Fed'n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944) (emphasis added). This is so, because "it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law." 246 Ala. at 9, 18 So.2d at 815 (emphasis added).' "
Vann v. State, 143 So.3d 850, 854-55 (Ala. Crim. App. 2013) (quoting McInnish v. Riley, 925 So.2d 174, 178 (Ala. 2005) ). In order to overcome the presumption of constitutionality, the party challenging the constitutionality of an act bears the burden of showing that the act is unconstitutional. State v. Worley, 102 So.3d 435, 449 (Ala. Crim. App. 2011).
Pruitt pleaded guilty to violating § 13A-6-81, Ala. Code 1975. At the time of the crime in this case, § 13A-6-81, Ala. Code 1975, provided, in pertinent part:
"(a) A person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or *736 she is a school employee and engages in a sex act or deviant sexual intercourse with a student, regardless of whether the student is male or female. Consent is not a defense to a charge under this section."[1]
Pruitt does not dispute that she was a teacher at the time she engaged in a sex act or deviant sexual intercourse with the victims in this case. As a teacher, Pruitt was a school employee. See § 13A-6-80, Ala. Code 1975 ("For purposes of this article, school employee includes a teacher...."). Further, it is undisputed that the victims in this case were students. However, Pruitt argues that regardless of her status as a teacher, the facts of this case, namely, that the student victims were 16 years and older and attended a different school than the school in which Pruitt taught, resulted in the unconstitutional application of § 13A-6-81 in this case. Relying on Lawrence v. Texas, Pruitt argues that she engaged in sexual conduct with consenting parties under Alabama law who were "mature enough to consent to sexual relations." (Pruitt's brief, p. 13.) Pruitt's reliance on Lawrence, however, is unavailing.
In Lawrence, the United States Supreme Court considered the constitutionality of a Texas statute that provided: "A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex." Texas Penal Code Ann. § 21.06(a) (2003). The defendants in Lawrence were adult males who were engaged in private, consensual conduct at the time of their arrest. In framing the issue, the Supreme Court noted that it had to determine "whether the petitioners were free as adults to engage in private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution." Lawrence, 539 U.S. at 564, 123 S.Ct. 2472 (emphasis added). The Supreme Court concluded that the statute as applied to Lawrence violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution and that it "further[ed] no legitimate state interest which can justify its intrusion into the personal and private life of the individual." Lawrence, 539 U.S. at 579, 123 S.Ct. 2472. In so holding, the Supreme Court recognized:
"The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. It does not involve public conduct or prostitution.... The case does involve two adults who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle."
Lawrence, 539 U.S. at 578, 123 S.Ct. 2472 (emphasis added).
In this case, unlike in Lawrence, the statute at issue prohibited a school employee from engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years. The sexual conduct, here, occurred between an adult teacher and three students who were under the age of 19. Specifically, Pruitt engaged in deviant sexual intercourse with a 16-year-old student, engaged in sexual intercourse with a 18-year-old student, and sent a 16-year-old student nude photographs of her breasts and vagina. All the students were minors under Alabama law. See § 26-1-1, Ala. Code 1975 (stating that "[a]ny person in this state, at the arrival at the age of 19 years, shall be relieved of his or her disabilities of minority"). Therefore, contrary to Pruitt's *737 contention otherwise, the holding in Lawrence does not support the prohibition of the prosecution of the sexual crimes in this case on constitutional grounds.
Moreover, there exists a legitimate state interest in prohibiting intimate contact between a teacher and a student. Other jurisdictions have recognized the unique relationship a teacher has with a student. In State v. Edwards, 48 Kan.App.2d 264, 276, 288 P.3d 494, 502 (2012), the Kansas Court of Appeals stated:
"[T]eachers have constant access to students, often in an unsupervised context. Thus, teachers are in a unique position to groom or coerce students into exploitive or abusive conduct. It is uncontestable that the State must provide a safe school environment for students, which includes preventing the sexual exploitation of students. Teachers are vested with a great deal of trust by the school districts, the parents, the public, and the students themselves."
Similarly, the Connecticut Supreme Court noted:
"[S]chool employees 'are given unique access to students, and are thereby vested with great trust and confidence by the school, parents, and public, and [the legislature could have] sought to preserve or strengthen that trust by unequivocally prohibiting school employees from misusing their access to students as a conduit for sex.' Ex parte Morales, [03-05-00489-CR,] 212 S.W.3d 483 (Tex. App. 2006) (Texas statute that prohibited teachers from having sexual intercourse with students rationally related to legitimate government interest). Moreover, the legislature reasonably could have concluded that a sexually charged learning environment likely would confuse, disturb and distract students, thereby undermining the quality of education in the state."
State v. McKenzie-Adams, 281 Conn. 486, 508, 915 A.2d 822, 837 (2007), overruled on other grounds by State v. Payne, 303 Conn. 538, 34 A.3d 370 (2012). We agree with the reasoning of these courts and reiterate the importance of maintaining the integrity of the teacher-student relationship.
Likewise, Pruitt's contention that the victims were old enough to consent also fails because § 13A-6-81 expressly states that "consent is not a defense." Pruitt cites § 30-1-4, Ala. Code 1975-the law establishing the minimum age of 16 for contracting for marriage-for the proposition that the State of Alabama "mandated that those sixteen and older are mature enough to choose sexual partners, and establish boundaries to their sexual activities." (Pruitt's brief, p. 9.) We are not persuaded, however, that by enacting § 30-1-4 the legislature intended to make such a sweeping "mandate" as Pruitt suggests. Pruitt's contention that § 30-1-4 permits 16- and 18-year-olds to make decisions about their sexual partners and activities is not supported by the enactment of § 13A-6-81 that went into effect on July 1, 2010, and expressly prohibited consensual sexual contact between a school employee and a student under the age of 19 years.
Finally, the fact that Pruitt engaged in sexual conduct with the student victims after she transferred to teach at a different school does not render § 13A-6-81 unconstitutional under the particular facts and circumstances of this case.
" ' " 'In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature.' DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala. 1998).
" ' " ' "Words used in a statute must be given their natural, plain, ordinary, *738 and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." '
" ' " Blue Cross and Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992) )." '
" Sanders v. State, 145 So.3d 92, 95-96 (Ala. 2013) (quoting City of Prattville v. Corley, 892 So.2d 845, 848 (Ala. 2003) ).
Bonds v. State, 205 So.3d 1270, 1273 (Ala. Crim. App. 2015).
Section 13A-6-81, Ala. Code 1975, states, in pertinent part, that "[a] person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or she is a school employee and engages in a sex act or deviant sexual intercourse with a student." The language in the statute is unambiguous and, therefore, requires no judicial interpretation on our part. See Ex parte Ankrom, 152 So.3d 397, 404 (Ala. 2013) (recognizing that principles of statutory construction permit an appellate court to engage in judicial construction only if the language in a statute is ambiguous). Section 13A-6-81 prohibits a teacher from engaging in a sex act or deviant sexual intercourse with a minor student. As noted above, it is undisputed that Pruitt was a school employee and that the victims in this case were students under the age of 19 years.
The particular facts of this case exemplify the importance of reading § 13A-6-81 to prohibit sexual contact between teachers and students, regardless of whether the teacher and student are at the same school or different schools. In this case, the stipulated facts indicate that Pruitt taught the victims at Locust Fork High School for at least one year and possibly two years. In August 2014, Pruitt was hired to teach at Appalachian High School-another high school in Blount County. Approximately one month after her transfer to a new high school in the same school system, Pruitt engaged in sexual intercourse with one of the student victims. The very next month, Pruitt engaged in deviant sexual intercourse with another student victim and sent yet another student victim nude photographs of her breasts and vagina. Pruitt waited only a couple of months after she was transferred to a different school before she engaged in sexual conduct with each student victim. At the very least, the timing of her conduct evidences an attempt to circumvent a legitimate state interest that Pruitt concedes on appeal, namely, that the State has "a legitimate interest in criminalizing sexual contact between teachers and students of the same school." (Pruitt's brief, p. 13.) The State's interest in protecting students, however, does not end when the student or teacher transfers to another school, particularly one in the same school system, as in this case.
Accordingly, Pruitt has failed to demonstrate that § 13A-6-81 was unconstitutional as applied to her. Therefore, we affirm as to this issue.
II.
Pruitt also contends that her misdemeanor convictions for distribution of obscene material to a minor should be reversed because, she argues, § 13A-12-200.5, Ala. Code 1975, as applied, infringes on her "Equal Protection Rights under the *739 U.S. Constitution." (Pruitt's brief, p. 14.) Pruitt contends that the State does not have a "legitimate interest in meddling in her private relationship with another consenting person." (Pruitt's brief, p. 14.)
Section 13A-12-200.5, Ala. Code 1975, states, in pertinent part, that "[i]t shall be unlawful for any person to knowingly or recklessly distribute to a minor ... any material which is harmful to minors."
"In the Alabama Criminal Code alone, the Alabama Legislature has repeatedly recognized that children are entitled to certain protections not afforded adults. See § 13A-3-3 ('The prosecution of any person as an adult shall be barred if the offense was committed when the actor was less than 14 years old.'); § 13A-6-40(1)(b) (defining 'restrain' in connection with kidnapping); § 13A-6-45 (interference with custody); § 13A-6-61(a)(3) (rape in the first degree); § 13A-6-62(a)(1) (rape in the second degree); § 13A-6-63(a)(3) (sodomy in the first degree); § 13A-6-64(a)(1) (sodomy in the second degree); § 13A-6-66(a)(3) (sexual abuse in the first degree); § 13A-6-67(a)(2) (sexual abuse in the second degree); § 13A-6-69 (enticing child to enter vehicle, house, etc., for immoral purposes); § 13A-6-70(c)(1) (providing that a person is deemed incapable of consent to certain sexual offenses if that person is less than 16 years old); § 13A-11-76 (prohibiting the delivery of a pistol to a minor); § 13A-12-111(a)(2) (promoting prostitution in the first degree); § 13A-12-112(a)(2) (promoting prostitution in second degree); § 13A-12-191 (prohibiting the dissemination or public display of obscene matter containing visual reproduction of persons under 17 years of age involved in obscene acts); § 13A-12-192 (prohibiting the possession of obscene matter containing visual reproduction of persons under 17 years of age involved in obscene acts); § 13A-12-196 (prohibiting parents or guardians from permitting children to engage in production of obscene matter); § 13A-12-197 (prohibiting the production of obscene matter depicting persons under 17 years of age involved in obscene acts); § 13A-13-3 (incest); § 13A-13-4 (nonsupport); § 13A-13-5 (abandonment of a child); § 13A-13-6 (endangering the welfare of a child); § 13A-12-200.1(16) (defining the term 'harmful to minors' in connection with Alabama's Anti-Obscenity Enforcement Act); § 13A-12-200.5 (prohibiting the distribution of material harmful to minors); § 13A-12-215 (prohibiting the sale, furnishing, etc., of controlled substances by persons over age 18 to persons under age 18); and § 13A-12-250 (providing for an additional penalty for the unlawful sale of a controlled substance on or near school campus)."
Ex parte Woodard, 631 So.2d 1065, 1072-73 (Ala. Crim. App. 1993).
As recognized in Woodward, supra, § 13A-12-200.5 is a statute created to protect the welfare of minor children.
"In equal protection jurisprudence, any law that does not employ a classification based on race, sex, national origin, or legitimacy of birth and does not impinge upon a fundamental right, is subject to the 'rational relationship' analysis. Under this analysis, any law rationally related to a legitimate governmental objective will withstand an equal protection challenge. See generally Lyng v. Castillo, 477 U.S. 635, 106 S.Ct. 2727, 91 L.Ed.2d 527 (1986) ; County Board v. Richards, 434 U.S. 5, 98 S.Ct. 24, 54 L.Ed.2d 4 (1977)."
*740 Ex parte Robertson, 621 So.2d 1289, 1291 (Ala. 1993).
Because the State has a legitimate interest in protecting the welfare of minor children, § 13A-12-200.5 does not violate any equal-protection right. Accordingly, Pruitt is not entitled to relief on this issue.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.

"It is well settled that the law in effect at the time of the commission of the offense controls the prosecution." Minnifield v. State, 941 So.2d 1000, 1001 (Ala. Crim. App. 2005).