WINDOM, Presiding Judge.
*1018 The State of Alabama appeals the circuit court's decision holding § 13A-6-81, Ala. Code 1975, unconstitutional as applied to David Thomas Solomon and Carrie Cabri Witt and dismissing the indictments against those individuals. For the reasons that follow, this Court reverses the circuit court's decision.
Section 13A-6-81(a) provides:
"A person commits the crime of a school employee engaging in a sex act with a student under the age of 19 years if he or she is a school employee and engages in sexual intercourse as defined by Section 13A-6-60(1) or deviant sexual intercourse as defined by 13A-6-60(2) with a student, regardless of whether the student is male or female. Consent is not a defense to a charge under this section."
The indictment against Solomon alleged:
"David Thomas Solomon, whose name is to the Grand Jury otherwise unknown, a school employee, did engage in a sex act or deviate sexual intercourse with [H.S.] a student under the age of 19 years, in violation of Section 13A-6-81 of the Code of Alabama."
(C. 132.) The indictment against Witt alleged:
"Carrie Cabri Witt, whose name is to the Grand Jury otherwise unknown, a school employee, did engage in a sex act or deviate sexual intercourse with [A.S. and D.M.] student[s] under the age of 19 years, in violation of Section 13A-6-81 of the Code of Alabama."[1]
(C. 8.)
Both Solomon and Witt filed motions and briefs in the circuit court asking the court to declare § 13A-6-81 unconstitutional as applied to them and to dismiss the indictments against them. (C. 92-102, 142-56.) Specifically, Solomon and Witt asserted that, as applied to them, § 13A-6-81 is unconstitutional under Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), and the Due Process Clause because it "criminalizes consensual sexual activity conducted in private." (C. 95.) Solomon and Witt argued that the statute is overbroad and unconstitutional. They asserted that the State has no legitimate interest in regulating consensual sexual acts. They further argued that § 13A-6-81 "violates Equal Protection in that it criminalizes a personal relationship between two consenting parties that is not criminalized between other similarly situated parties."[2] (C. 100.)
On April 4, 2017, the circuit court held a hearing on Solomon's and Witt's motions to declare § 13A-6-81 unconstitutional. At the hearing, Witt argued "that the statute is extremely overbroad to the point that it's unconstitutional." (R. 4.) Witt asserted:
"The statute does not specify a teacher/student relationship. It simply states student and school employee, which would make the statute apply to anybody across the board from the top all the way down to the very lowest janitor or groundskeeper cutting the grass."
(R. 4-5.) Witt argued that § 13A-6-81 fails to restrict its application to school employees *1019 who have some position of authority over the student; thus, she "can ... come up with just dozens upon dozens of scenarios which might make this apply, which obviously is an absurd application of this." (R. 6.) Witt then argued that "[b]ecause this is so overbroad, Your Honor, the statute is just by its very nature unconstitutional." (R. 8.) Witt also asserted that § 13A-6-81 is unconstitutional under Lawrence v. Texas because it regulates morality.
In response, the State argued:
"The people of Alabama have spoken through their elected representatives that some people cannot consent to sex, even though they may be otherwise of legal age with certain classes of individuals. The teacher -- the school employee/student sex prohibition is not the only such statute. For example, Alabama Code § 14-11-31 makes it unlawful for jailers or correctional officers or probation officers to have sex with people under their care and supervision. Consent is not an issue. And similarly we have § 13A-13-3, incest, consent is not a defense.
"The reason for this if you go back and take a good -- one of the reasons for these prohibitions is to prevent victimization of persons who have no real ability to refuse sexual advantages from someone who is in a position of authority and power over them. That person has a duty to provide care and supervision and the victim, and we're talking victims here, is expected to obey those people without question. And, indeed, in school context the victim is expected to look up to that individual as a role model. Janitors can turn you in as a student. We expect the student to obey any school official when it comes to obeying school rules.
"....
"Now, the Alabama Code requires that with very few exceptions every child between 6 and 17 has to attend school. They're not there necessarily by choice. In society in general and parents in particular must be confident when they send their sons and daughters to school every fall and they meet a new teacher the teacher is not replenishing their dating pool.
"Now, the Defendant's reply is Lawrence v. Texas, but Lawrence v. Texas specifically stated that its holding did not apply to minors. The present case does not involve minors. Verbatim quote, 'In Alabama we classify persons as children at different ages for different purposes': the age you can drive, the age you can drive unrestricted, the age you vote, purchase cigarettes, purchase alcohol, and, yes, the age at which you can have sex with school personnel. Those distinctions have a rational purpose, and in the case of the teacher's right to have sex with 16 to 19 year olds must be subordinate to the social necessities of running a school system.
" Lawrence v. Texas talks about people, not minors. We've established that Lawrence does not apply to minors, and it also talks about Lawrence does not involve persons who might be -- who are situated in relationships where consent might not easily be refused. Everybody has that special teacher in their background who helped them make serious life decisions that have followed them into adulthood. We must be confident that our teachers are nurturing our students, not victimizing them.
"Now, if we allow such dating then you're really talking about you have break-ups, you have jealousy, you have potential angry parents who may or may not get violent. Students have to be on constant guard because they don't know *1020 when a teacher is singling them out for specialized treatment or school personnel is singling them out for special treatment, that they're not being groomed for sexual activity as opposed to being educated. And it also gives the teachers and school personnel a safe harbor to reject a student advances without crushing the student's ego. These are all very reasonable and rational purposes for a statute that forbids school employees from having sex with teachers or other school personnel.
"....
"Now, overbreadth is a facial challenge and the burden is on the Defendant to show the State that that state statute is invalid in all applications. And to do that at the very least they would have to show at trial and that would be necessary to go all the way to trial, that portion of it, in order to determine whether or not this is the behavior that the legislature intended to address and no farther.
"Yes, you can create hypotheticals wherein you can make virtually any law appear overbr[oad]. It's a magician's trick. For example, a pediatrician conducting a routine physical examination could theoretically be charged with violating a child molestation statute. A hypothetical could be created to make a very plain and constitutional statute appear otherwise.
"They suggest that the sixteen-year-old student can consent to sex with a school employee. That's not so. We've demonstrated the statute says you can't consent. Yes, they can have sex with other adults, but the interaction with other adults is generally not in an environment where they're expected to be, to persons they are expected to trust, and persons that are expected to obey.
"All students are vulnerable to persons with power and influence in some way, shape, or form. It's important for us to remember the function of a school. The reason we entrust school employees with our children and we must have some confidence that those employees will act in a responsible manner, and it's not unreasonable to criminalize what is essentially the rape of a nonconsenting individual."
(R. 11-17.)
On August 8, 2017, the circuit court entered the following order:
"The cause comes before the Court on the motions for the Court to hold Ala. Code [1975] § 13A-6-81(a) [,] unconstitutional filed by the Defendant[s] [Solomon and Witt]. The State filed ... response[s] to the motion[s] and the parties appeared before the Court for a hearing on the motion[s] on April 4, 2017. Upon consideration of the motions, the arguments of counsel, the record in each case, and the relevant legal authorities, it is hereby ORDERED, ADJUDGED, and DECREED as follows:
"1. These cases are before the Court strictly on the allegation in the indictments, no testimony or evidence was taken at the hearing. The indictments make allegations that are identical in all respects excepting the parties to each charge: '...[the Defendant,] a school employee, did engage in a sex act or devia[nt] sexual intercourse with [the victim,] a student under the age of 19 years, in violation of Section 13A-6-81 of the Code of Alabama ....' That is the complete allegation. Accordingly, the Court cannot determine (1) whether the parties were consenting adults (2) whether the school employees were in any position *1021 of authority, in fact, over the students (3) whether the school employees, in fact, abused any position of authority they had to coerce, groom, or otherwise obtain the illegitimate consent of the alleged victims. Under Alabama law, students who have reached the age of 16 have the capacity to consent to sex unless there is some circumstance that removes them from the pool of adults with [that] capacity and places them in a situation where they might not easily refuse consent. It is this Court's finding that the law grants these students the capacity to consent until and unless there is some showing that authority was used to obtain illegitimate or coerced consent. If no such position of authority is alleged, the Defendant must be permitted to show consent as a defense to the crime alleged.
"2. The reasoning behind Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), is difficult to apply to the case at hand. In Lawrence, the Supreme Court of the United States held that any 'legitimate state interest' advanced by legislation must 'justify its intrusion into the personal and private life of [individual adults engaging in consensual, non-commercial sex]' and that the interest advanced by the State of Texas in that case did not so justify the intrusion, violating the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.
"The Lawrence opinion specifically called out that the holding would be more difficult to apply in situations where ... both parties were not clearly adults or where consent could not be easily refused. However, it would be incorrect to confuse difficulty in applying with a lack of application.
"3. In Alabama, 'anyone 16 years of age is technically not a "child," but is one capable of consenting to sexual intercourse.' Parks v. State, 565 So.2d 1265, 1273 (Ala. Crim. App. 1990). The Parks opinion removes 16-year-old to 18-year-old persons from 'child' for purposes of consent to sex, but it is unclear whether it casts these students as 'clearly adults' for purposes of Lawrence. What is clear from Parks is that the State of Alabama has established that 16-year-old persons are fully 'capable of consenting to sexual intercourse.' Accordingly, the Court is satisfied that, as a matter of law, every act covered by the statute at issue is one in which both parties have the capacity to consent, just as any person who was clearly an adult.[3 ]
"4. The Court recognizes that the State of Alabama has a legitimate purpose in protecting the people of Alabama from those who would use positions of authority (Teacher, Wardens, Clergy, Psychologists) to overwhelm those over whom they hold such authority (Student, Prisoners, Congregants, Patients) and thereby obtain coerced or illegitimate consent to sexual activity as well as from school environments *1022 where children or young adults are groomed or coerced into exploitive or abusive conduct. The statute at hand embeds an irrebuttable presumption that any sexual encounter between an employee of any school and any student in the State (without qualification as to class, school, or school system) is conclusively the result of misuse of authority. The law takes away the right of the employee to assert a defense that legal consent was freely and legitimately given -- abrogating the student's capacity to consent.
"5. State v. Edwards, 48 Kan.App.2d 264, 288 P.3d 494 (2012), was helpful to this Court in deciding the cases at hand. The Kansas legislature implicitly recognized the disparity of power inherent in a teacher/student relationship and enacted legislation prohibiting sex between teachers or other school employees with position of authority when the student was enrolled at the school where the offender was employed. The one key distinction separates the Kansas statute from Alabama's law. The Alabama statute has no requirement that the school employee had any position of influence or authority. The Alabama statute includes school employees 'of any kind' without regard to school or system. In each of the cases cited by the State where similar statutes were at issue, the statute was expressly limited in scope to students who were in the same school or, at a minimum, the same school system:
" Paschal v. State, [2012 Ark. 127] 388 S.W.3d 429 (Ark. 2012) : Arkansas Code § 5-14-125(a)(6) expressly limited culpability to students in the same school as the employee:
" 'a teacher in a public school in a grade kindergarten through twelve (K-12) and engages in sexual contact with another person who is [a] student enrolled in the public school and [l]ess than twenty-one (21) years of age.'
"As of 2013, Arkansas amended the statute to read as follows:
" 'a teacher, principal, athletic coach, or counselor in a public or private school in a grade kindergarten through twelve (K-12), in a position of trust or authority, and uses his or her position of trust or authority over the victim to engage in sexual contact with a victim who is [a] student enrolled in the public or private school; and [l]ess than twenty-one (21) years of age.'
" In re Shaw, 204 S.W.3d 9 (Tex. Ct. App. 2006), Texas Penal Code § 21:12 expressly limited culpability to students in the same school as the employee:
" 'An employee of a public or private primary or secondary school commits an offense if the employee engages in sexual contact, sexual intercourse, or deviate sexual intercourse with a person who is enrolled in a public or private primary or secondary school at which the employee works and who is not the employee's spouse.'
" State v. Hirschfelder, [170 Wash.2d 536] 242 P.3d 876 (Wa. 2010), RCW 9A.44.093(a)(b) expressly limited culpability to students in the same school as the employee:
" 'the person is a school employee who has, or knowingly causes another person under the age of eighteen to have, sexual intercourse *1023 with a registered student of the school who is at least sixteen years old and not married to the employee, if the employee is at least sixty months older than the student.'
" Edwards, [48 Kan.App.2d 264] 288 P.3d 494 : K.S.A. 21-3520(a)(8) (now repealed) expressly limited culpability to students in the same school as the employee:
" 'the offender is a teacher or a person in a position of authority and the person with whom the offender is engaging in consensual sexual intercourse, ... lewd fondling or touching, ... or sodomy ... is a student enrolled at the school where the offender is employed.'
" State v. McKenzie-Adams, [281 Conn. 486] 915 A.2d 822 (Conn. 2007) ; Conn. Gen. Stat. § 53a-71(a) expressly limited culpability to students in the same school as the employee or students in the jurisdiction of the board that employees [sic] the actor:
" 'the actor is a school employee and such other person is a student enrolled in a school in which the actor works or a school under the jurisdiction of the local or regional board of education which employs the actor....'
"The courts in those cases were apparently satisfied that the statute was limited to where this disparity of power exists. This Court is not satisfied that Ala. Code [1975] § 13A-6-81 [,] is so limited:
" 'A person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or she is a school employee and engages in a sex act or deviant sexual intercourse with a student, regardless of whether the student is male or female. Consent is not a defense to a charge under this section.'
"6. The Court acknowledges that a disparity of power may inherently exist in a teacher/student relationship, but it clearly does not exist between every school employee and every student regardless of where that student is enrolled. By eliminating the requirement that the state show a position of authority, grooming, abuse, coercion, or lack of consent, the state criminalizes behaviors outside of the state's legitimate purpose.
"In order for justice to be served, the State must prove that a defendant/employee was actually in a position of authority over the victim/student and that the position of authority was abused to obtain consent. Whether such consent was legitimate is traditionally a question of fact for a jury to decide.
"7. The Court finds this statute unconstitutional as applied to these Defendants. In so finding, this Court does not endeavor to absolve any wrongdoing or to excuse the Defendants. Moreover, the Court does not encourage any similarly situated party to engage with impunity in what may very well be criminal behavior. The objective of this Court is to offer th[ese] Defendant[s] the full measure of protection that has been offered to all accused throughout the history of this country and to see that justice is served.
"To the causal observer, or the uninformed, the first question that comes to mind is, 'why is the motion before the court even being seriously considered?' The second question follows, *1024 'doesn't everybody know that it is wrong for a school teacher to have sex with his or her student?' Let there be no mistake that this Court fully recognizes the Alabama Legislature's right to establish laws that protect minors, persons who might be injured or coerced, or persons who might not easily refuse consent. That is not the issue in this case. There is nothing in the statute that requires the State to show that a defendant ever had the student in class, had contact with the student, or ever had any authority or control over the student whatsoever while at school.
"These cases are hereby dismissed without prejudice; the State is given leave to refile within the appropriate statute of limitations and under the proper statute(s)."
(C. 120-124 (capitalization in original; emphasis omitted).)
On appeal, the State argues, among other things, that the circuit court applied the wrong standard to Solomon's and Witt's "as-applied" challenges to the constitutionality of § 13A-6-81. Specifically, the State asserts that the circuit court erroneously failed to require Solomon and Witt to prove that § 13A-6-81 was unconstitutional as applied to their conduct. According to the State, the circuit court incorrectly required the State to prove that § 13A-6-81 is being constitutionally applied to the defendants. This Court agrees.
The circuit court held that § 13A-6-81 is "unconstitutional as applied to these Defendants." (C. 124.) "It is well settled that a person challenging the constitutionality of a statute as applied to him [or her] 'bears the burden of proving that [the statute] is unconstitutional as applied to his [or her] conduct.' " Wesson v. State, 208 So.3d 1160, 1162 (Ala. Crim. App. 2015) (quoting Powell v. State, 72 So.3d 1268, 1278 (Ala. Crim. App. 2011) ). In Wesson, this Court explained:
" 'A statute may be found unconstitutional "as applied" to a specific set of facts or "on its face." See Scott v. State, 322 S.W.3d 662, 665 n.1 (Tex. Crim. App. 2010) ; Bynum v. State, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989). Generally, a defendant must show that a statute is unconstitutional "as applied" to the conduct for which he [or she] was charged. See id. at 774. A claim that a statute is unconstitutional "as applied" is a claim that the statute operates unconstitutionally with respect to the claimant because of his [or her] particular circumstances. Gillenwaters v. State, 205 S.W.3d 534, 536 n.3 (Tex. Crim. App. 2006).' "
Wesson, 208 So.3d at 1162 (quoting State v. Johnson, 425 S.W.3d 542, 545 (Tex. App. 2014) ). "Accordingly, this Court has held that, without evidence or some factual basis in the record, it cannot hold that an appellant has met his burden to establish that a statute is unconstitutional as applied to him." Wesson, 208 So.3d at 1162 ; State v. Woodruff, 460 So.2d 325, 330 (Ala. Crim. App. 1984).
As the circuit court explained at the outset of its order: "These cases [were] before the Court strictly on the allegation in the indictments, no testimony or evidence was taken at the hearing." (C. 120.) Neither Solomon nor Witt presented any evidence to the circuit court. Thus, the circuit court was unaware of the facts underlying Solomon's and Witt's charges. Because Solomon and Witt failed to present any evidence regarding the facts that led to their indictments, they failed to meet their burden of establishing that their conduct was constitutionally protected or that § 13A-6-81 was being unconstitutionally applied as to them. For that reason, the circuit court erroneously held that *1025 § 13A-6-81 is unconstitutional as applied to Solomon and Witt.
Further, this Court has recently rejected the circuit court's rationale for holding § 13A-6-81 unconstitutional -- that students who have reached the age of 16 have the ability to consent to sexual activity; thus, the State may not proscribe sex acts between a teacher and a student without requiring the State to show that the teacher used his or her position to unduly influence the student's decision to consent. See Pruitt v. State, 272 So. 3d 732, 734-35 (Ala. Crim. App. 2018). In Pruitt, the defendant alleged that § 13A-6-81 could not be constitutionally applied to a teacher who engaged in sexual intercourse with a student from another school. Rejecting that argument, this Court held:
"Pruitt contends that § 13A-6-81, Ala. Code 1975, is unconstitutional as applied to her. Specifically, Pruitt argues that her felony convictions should be overturned because the Legislature never intended § 13A-6-81, Ala. Code 1975, to apply to teachers and students, 16 and older, who are at different schools. Pruitt cites the United States Supreme Court's holding in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), in support of her contention on appeal, and contends that '[t]he Lawrence opinion, with Alabama's age of consent being sixteen, should protect Pruitt from prosecution for her sexual activities with Locust Fort students.' (Pruitt's brief, pp. 9-13.)
" 'The interpretation of a statute involves a question of law and an appellate court reviews a trial court's interpretation de novo, without any presumption of correctness. Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197 (Ala. 2001). " '[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo.' Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)." Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999).'
" Girard v. State, 883 So.2d 717, 719 (Ala. 2003).
" 'It is well settled that a person challenging the constitutionality of a statute as applied to [her] "bears the burden of proving that [the statute] is unconstitutional as applied to [her] conduct." Powell v. State, 72 So.3d 1268, 1278 (Ala. Crim. App. 2011). The Texas Court of Appeals has explained:
" ' "A statute may be found unconstitutional 'as applied' to a specific set of facts or 'on its face.' See Scott v. State, 322 S.W.3d 662, 665 n. 1 (Tex. Crim. App. 2010) ; Bynum v. State, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989). Generally, a defendant must show that a statute is unconstitutional 'as applied' to the conduct for which he was charged. See id. at 774. A claim that a statute is unconstitutional 'as applied' is a claim that the statute operates unconstitutionally with respect to the claimant because of his particular circumstances. Gillenwaters v. State, 205 S.W.3d 534, 536 n. 3 (Tex. Crim. App. 2006)."
" ' State v. Johnson, 425 S.W.3d 542, 545 (Tex. App. 2014).'
" Wesson v. State, 208 So.3d 1160, 1162 (Ala. Crim. App. 2015).
"Statutes are presumed to be constitutional. In considering whether a legislative act is unconstitutional, we are guided by the following principles:
" ' "This Court ' "should be very reluctant to hold any act unconstitutional." ' Ex parte D.W., 835 So.2d 186, 189 (Ala. 2002) (quoting *1026 Ex parte Boyd, 796 So.2d 1092, 1094 (Ala. 2001) ). '[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government.' Alabama State Fed'n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944) (emphasis added). This is so, because 'it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.' 246 Ala. at 9, 18 So.2d at 815 (emphasis added)." '
" Vann v. State, 143 So.3d 850, 854-55 (Ala. Crim. App. 2013) (quoting McInnish v. Riley, 925 So.2d 174, 178 (Ala. 2005) ). In order to overcome the presumption of constitutionality, the party challenging the unconstitutionality of an act bears the burden of showing that the act is unconstitutional. State v. Worley, 102 So.3d 435, 449 (Ala. Crim. App. 2011).
"Pruitt pleaded guilty to violating § 13A-6-81, Ala. Code 1975. At the time of the crime in this case, § 13A-6-81, Ala. Code 1975, provided, in pertinent part:
" '(a) A person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or she is a school employee and engages in a sex act or deviant sexual intercourse with a student, regardless of whether the student is male or female. Consent is not a defense to a charge under this section.'
"Pruitt does not dispute that she was a teacher at the time she engaged in a sex act or deviant sexual intercourse with the victims in this case. As a teacher, Pruitt was a school employee. See § 13A-6-80, Ala. Code 1975 ('For purposes of this article, school employee includes a teacher ....') Further, it is undisputed that the victims in this case were students. However, Pruitt argues that regardless of her status as a teacher, the facts of this case, namely, that the student victims were 16 years and older and attended a different school than the school in which Pruitt taught, resulted in the unconstitutional application of § 13A-6-81 in this case. Relying on Lawrence v. Texas, Pruitt argues that she engaged in sexual conduct with consenting parties under Alabama law who were 'mature enough to consent to sexual relations.' (Pruitt's brief, p. 13.) Pruitt's reliance on Lawrence, however, is unavailing.
"In Lawrence, the United States Supreme Court considered the constitutionality of a Texas statute that provided: 'A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex.' Texas Penal Code Ann. § 21.06(a) (2003). The defendants in Lawrence were adult males who were engaged in private, consensual conduct at the time of their arrest. In framing the issue, the Supreme Court noted that it had to determine 'whether the petitioners were free as adults to engage in private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution.' Lawrence, 539 U.S. at 564, 123 S.Ct. 2472 (emphasis added). The Supreme Court concluded that the statute as applied to Lawrence violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution and that it 'further[ed] no legitimate state interest which can justify its intrusion into the personal and private life of *1027 the individual.' Lawrence, 539 U.S. at 579, 123 S.Ct. 2472. In so holding, the Supreme Court recognized:
" 'The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. It does not involve public conduct or prostitution.... The case does involve two adults who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle.'
" Lawrence, 539 U.S. at 578, 123 S.Ct. 2472 (emphasis added).
"In this case, unlike in Lawrence, the statute at issue prohibited a school employee from engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years. Here, the sexual conduct occurred between an adult teacher and three students who were under the age of 19. Specifically, Pruitt engaged in deviant sexual intercourse with a 16-year-old student, engaged in sexual intercourse with a 18-year-old student, and sent a 16-year-old student nude photographs of her breasts and vagina. All of the students were minors under Alabama law. See § 26-1-1, Ala. Code 1975 (stating that '[a]ny person in this state, at the arrival at the age of 19 years, shall be relieved of his or her disabilities of minority') Therefore, contrary to Pruitt's contention otherwise, the holding in Lawrence does not support the prohibition of the prosecution of the sexual crimes in this case on constitutional grounds.
"Moreover, there exists a legitimate state interest in prohibiting intimate contact between a teacher and student. Other jurisdictions have recognized the unique relationship a teacher has with a student. In State v. Edwards, 48 Kan. App. 2d 264, 276, 288 P.3d 494 (2012), the Kansas Court of Appeals stated:
" '[T]eachers have constant access to students, often in an unsupervised context. Thus, teachers are in a unique position to groom or coerce students into exploitive or abusive conduct. It is uncontestable that the State must provide a safe school environment for students, which includes preventing the sexual exploitation of students. Teachers are vested with a great deal of trust by the school districts, the parents, the public, and the students themselves.'
"Similarly, the Connecticut Supreme Court noted:
" '[S]chool employees "are given unique access to students, and are thereby vested with great trust and confidence by the school, parents, and public, and [the legislature could have] sought to preserve or strengthen that trust by unequivocally prohibiting school employees from misusing their access to students as a conduit for sex." Ex parte Morales, 212 S.W.3d 483 (Tex. App. 2006) (Texas statute that prohibited teachers from having sexual intercourse with students rationally related to legitimate government interest). Moreover, the legislature reasonably could have concluded that a sexually charged learning environment likely would confuse, disturb and distract students, thereby undermining the quality of education in the state.'
" State v. McKenzie-Adams, 281 Conn. 486, 508, 915 A.2d 822 (2007), overruled on other grounds by State v. Payne, 303 Conn. 538, 34 A.3d 370 (2012). We agree with the reasoning of these courts and reiterate the importance of maintaining the integrity of the teacher-student relationship.
*1028 "Likewise, Pruitt's contention that the victims were old enough to consent also fails because § 13A-6-81 expressly states that 'consent is not a defense.' Pruitt cites § 30-1-4, Ala. Code 1975 -- the law establishing the minimum age of 16 for contracting marriage -- for the proposition that the State of Alabama 'mandated that those sixteen and older are mature enough to choose sexual partners, and establish boundaries to their sexual activities.' (Pruitt's brief, p. 9.) We are not persuaded, however, that by enacting § 30-1-4 the Legislature intended to make such a sweeping 'mandate' as Pruitt suggests. Pruitt's contention that § 30-1-4 permits 16 and 18 year olds to make decisions about their sexual partners and activities is not supported by the enactment of § 13A-6-81 that went into effect on July 1, 2010, and expressly prohibited consensual sexual contact between a school employee and a student under the age of 19 years.
"Finally, the fact that Pruitt engaged in sexual conduct with the student victims after she transferred to teach at a different school does not render § 13A-6-81 unconstitutional under the particular facts and circumstances of this case.
" ' " 'In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature.' DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala. 1998).
" ' " ' "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." '
" ' " Blue Cross and Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992) )."
" ' Sanders v. State, 145 So.3d 92, 95-96 (Ala. 2013) (quoting City of Prattville v. Corley, 892 So.2d 845, 848 (Ala. 2003) ).'
" Bonds v. State, 205 So.3d 1270, 1273 (Ala. Crim. App. 2015).
" Section 13A-6-81, Ala. Code 1975, states, in pertinent part, that '[a] person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or she is a school employee and engages in a sex act or deviant sexual intercourse with a student.' The language in the statute is unambiguous and, therefore, requires no judicial interpretation on our part. See Ex parte Ankrom, 152 So.3d 397, 404 (Ala. 2013) (recognizing that principles of statutory construction permit an appellate court to engage in judicial construction only if the language in a statute is ambiguous). Section 13A-6-81 prohibits a teacher from engaging in a sex act or deviant sexual intercourse with a minor student. As noted above, it is undisputed that Pruitt was a school employee and that the victims in this case were students under the age of 19 years."
Pruitt v. State, 272 So. 3d 732, 734-38 (Ala. Crim. App. 2018) (footnote omitted).
The allegations contained in the indictments, motions, responses, and at the hearing indicate that Solomon and Witt were both teachers and/or teacher's aides and were thus school employees. They engaged in sexual intercourse and/or deviant sexual intercourse with students who were *1029 under the age of 19 years. Because those students were under the age of 19, they were considered minors in the State of Alabama. Pruitt, 272 So. 3d at 737. Under Pruitt, the State had "a legitimate state interest in prohibiting" Solomon's and Witt's conduct and in protecting minor students from school employees' sexual advances. Id. Consequently, the circuit court erred by holding that § 13A-6-81 is unconstitutional as applied to Solomon and Witt.
For the forgoing reasons, the circuit court's decision holding § 13A-6-81 unconstitutional and dismissing the indictments against Solomon and Witt is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Welch, Kellum, Burke, and Joiner, JJ., concur.

Witt was charged in a single indictment with two counts of violating § 13A-6-81.

Witt initially filed her motion to declare § 13A-6-81 unconstitutional in the district court. The State filed an answer in the district court, and the district court denied Witt's motion. After Witt was indicted, Witt filed a motion in the circuit court asking it to declare § 13A-6-81 unconstitutional. The record does not contain a response from the State in the circuit court.

Contrary to the circuit court's finding, not "every act covered by the statute at issue is one in which both parties have the capacity to consent ...." For instance, sexual intercourse between a 12-year-old student and a 25-year-old teacher would be an "act covered by the statute" and both parties would not be capable of consenting. See § 13A-6-70(c)(1), Ala. Code 1975.